IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Yunseo CHUNG,

    *Plaintiff-Petitioner*,

v.

Donald J. TRUMP, in his official capacity as President of the United States of America; Marco RUBIO, in his official capacity as Secretary of State, U.S. Department of State; Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice; Kristi NOEM, in her official capacity as Secretary of Homeland Security, U.S. Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and William P. JOYCE, in his official capacity as Acting Field Office Director of the New York Immigration and Customs Enforcement Office,

    *Defendants-Respondents*.

Case No. 25-cv-2412

## DECLARATION OF RAMZI KASSEM

I, Ramzi Kassem, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a member of the bar of this Court, a licensed attorney in good standing in the state of New York, Co-Director of the CLEAR Project and a Professor of Law at CUNY School of Law, and counsel to Plaintiff-Petitioner Yunseo Chung in the above-captioned matter. I am personally familiar with the facts set forth in this Declaration and, if called, could testify competently thereto.

2. Pursuant to Local Civil Rule 6.1(d) of the Local Rules of the United States District Court for the Southern District of New York, I submit this Declaration in support of Plaintiff-

Petitioner's Order to Show Cause why a temporary restraining order and preliminary injunction should not be granted.

3. Proceeding by Order to Show Cause is necessary because Ms. Chung faces imminent risk of unconstitutional immigration detention based on her protected speech.

4. The U.S. Department of Homeland Security issued an administrative arrest warrant naming Ms. Chung, dated March 8, 2025, indicating the agency's imminent intent to arrest and detain Ms. Chung.

5. On March 9, 2025, Department of Homeland Security agents visited Ms. Chung's parents' home and told them that the agency is seeking Ms. Chung.

6. Shortly thereafter, a Department of Homeland Security agent told a lawyer assisting Ms. Chung that the State Department was at liberty to revoke Ms. Chung's status as a lawful permanent resident and that there was an administrative arrest warrant for Ms. Chung.

7. On March 13, 2025, law enforcement agents executed a judicial search warrant at two residences owned by Columbia University, among them Ms. Chung's dorm room, purportedly seeking documents, including any occupancy or lease agreements, travel records, and immigration records.

8. I am aware that in a similar case, the Department of Homeland Security appears to have sought to circumvent attempts by an individual to prevent his unlawful detention through temporary restraining order. *See* Opp'n to Mot. for Preliminary Injunction and Temporary Restraining Order, *Taal v. Trump*, No. 25-cv-0335 (N.D.N.Y. Mar. 22, 2025), ECF No. 38.

9. I am also counsel to Petitioner Mahmoud Khalil in *Khalil v. Trump*, No 25-cv-01963 (D.N.J.). On March 23, 2025, the Department of Justice filed a brief opposing Mr. Khalil's release on bail. In that brief, the Department of Justice contends that because the government is

seeking to use the Foreign Policy Ground against Mr. Khalil, the same ground they are seeking to use against Ms. Chung, he is not permitted to seek review of his custody determination before an immigration judge. *See* Opp'n to Mot. for Release under *Lucas v. Haaden* and *Mapp v. Reno*, *Khalil v. Trump*, No. 25-cv-01963 (D.N.J. Mar. 23, 2025), ECF 99, n.5. It stands to reason that the government would adopt the same position in Ms. Chung's case if she were detained, all but barring her from a meaningful ability to seek release, and making the relief sought herein all the more critical.

10. In light of the Department of Homeland Security's clear intent to arrest and detain Ms. Chung based on her protected speech and the other information detailed above, Ms. Chung faces imminent risk of harm.

11. Shortly after the filing of this declaration, on March 24, 2025, I emailed Jeffrey Oestericher, Chief of the Civil Division at the U.S. Attorney's Office for the Southern District of New York with a courtesy copy of the Complaint filed on March 24, 2025, and copies of all the documents supporting Ms. Chung's Motion for a Temporary Restraining Order and Preliminary Injunction.

12. No previous application for similar relief has been made.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 24, 2025 in New York, New York.

      /s/      
Ramzi Kassem

*Attorney for Plaintiff-Petitioner*

3