IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Yunseo CHUNG,<br><br>    *Plaintiff-Petitioner*,<br><br>v.<br><br>Donald J. TRUMP, in his official capacity as President of the United States of America; Marco RUBIO, in his official capacity as Secretary of State, U.S. Department of State; Pamela BONDI, in her official capacity as Attorney General, U.S. Department of Justice; Kristi NOEM, in her official capacity as Secretary of Homeland Security, U.S. Department of Homeland Security; Todd M. LYONS, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; and William P. JOYCE, in his official capacity as Acting Field Office Director of the New York Immigration and Customs Enforcement Office,<br><br>    *Defendants-Respondents*. | Case No. 25-cv-2412 |

## MOTION TO FILE EXHIBITS WITH REDACTIONS AND/OR UNDER SEAL

Counsel for Plaintiff-Petitioner in the above-referenced case respectfully submits this motion seeking leave to file certain exhibits to ECF No. 9, Declaration of Sonya Levitova in Support of Plaintiff-Petitioner's Memorandum of Law in Support of Plaintiff-Petitioner's Order to Show Cause for Temporary Restraining Order and/or Preliminary Injunction, in redacted form. Plaintiff-Petitioner seeks leave to place narrowly tailored redactions over personally identifying information of Plaintiff-Petitioner and non-parties in the following exhibits: Exhibits H, I, J, K, P. Plaintiff-Petitioner has filed unredacted copies of the exhibits she seeks to redact under seal, with the proposed redactions highlighted, and has electronically related the under seal filing to this

1

motion. As Plaintiff-Petitioner is proceeding on an order to show cause, she has not yet sought Defendants-Respondents' position on this request.

Federal Rule of Civil Procedure 5.2(d) permits a court to order a filing be made under seal or in redacted form. Such an order is appropriate when a moving party demonstrates a sufficiently "compelling interest" in restricting public access, and that sealing is necessary "to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

The exhibits Plaintiff-Petitioner seeks leave to redact contain personally identifying information of Plaintiff-Petitioner and third parties, including home or work addresses, phone numbers, email addresses, and a name.

In Exhibits H, J, and P, Plaintiff-Petitioner seeks to redact her phone number, her e-mail address, her date of birth, her physical address, and her Alien number. Per the SDNY ECF Privacy Policy, Plaintiff-Petitioner's physical address and date of birth should be redacted in any filing.[1] Additionally, Plaintiff-Petitioner has particularized concerns about harassment if her phone number or e-mail address is revealed. This case concerns Plaintiff-Petitioner's protected speech activity, including on Palestinian rights advocacy and campus discipline for student protestors. Other individuals who have been associated with the movement for Palestinian rights have received death threats and other serious forms of harassment.[2] Plaintiff-Petitioner has been identified in media reports as one of the individuals arrested on March 5, 2025. Harassment campaigns, particularly online, against individuals connected to Palestine-related advocacy are

---

[1] Available at https://www.nysd.uscourts.gov/sites/default/files/pdf/egovtact042005.pdf.
[2] Rowaida Abdelaziz & Matt Shuham, *Pro-Palestinian Voices Face Threats, Harassment As Gaza Death Toll Grows*, Huffington Post (Nov. 15, 2023), https://www.huffpost.com/entry/pro-palestine-demonstrators-threats-harassment-intimidation-doxxing_n_6553f37ce4b0e4767011f8dd.

well-documented.[3] The redactions Plaintiff-Petitioner proposes are narrowly tailored to protect information which may be misused to harass her.

Plaintiff-Petitioner also seeks to redact the name and physical address of a third party listed on a judicial search warrant, Exhibit K. As noted above, the SDNY ECF Privacy Policy requires redacting home addresses. Moreover, redacting the personally identifying information of third parties is appropriate notwithstanding the presumption of access discussed by the Second Circuit in *Lugosch* in light of the strong privacy interests. *Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation") (quoting *United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995).

In Exhibit I, Plaintiff-Petitioner seeks to redact the phone number provided by a law enforcement agent. The law enforcement privilege serves as a specific ground for sealing. *Collado v. City of New York*, 193 F. Supp. 3d 286, 290 (S.D.N.Y. 2016). Exhibit I contains the phone number of an individual who texted and held herself out to Ms. Chung as "from the police" and later to Attorney Nayantara Bhushan as an agent with Homeland Security Investigations. One purpose of the law enforcement privilege is to "protect" law enforcement personnel. *Collado*, 193 F. Supp. 3d at 290. Revealing the phone number for this law enforcement agent may lead to identification and harassment of the agent, potentially interfering with ongoing law enforcement activity.

---

[3] Chris Burrell & Esteban Bustillos, *Local Muslims, pro-Palestinians face spike in doxxing intimidation*, WGBH News (Nov. 10, 2023), https://www.wgbh.org/news/local/2023-11-10/local-muslims-pro-palestinians-face-spike-in-doxxing-intimidation; Ramishah Maruf, *For Palestinian Americans and activists, doxxing is nothing new*, CNN Business (Oct. 15, 2023), https://www.cnn.com/2023/10/15/business/palestinian-americans-activists-doxxing/index.html.

Even in the absence of particularized privacy concerns, courts in this District routinely redact or seal the names and personal identifying information of plaintiffs and non-parties. *See Ingber v. New York University*, No. 23-cv-10023 (LAP), 2024 WL 2046106, at *1 (S.D.N.Y. May 7, 2024) (redacting personally identifying information of non-parties); *Farrell v. City of New York*, No. 23-cv-4329 (JLR), 2023 WL 3936725, at *2 (S.D.N.Y. Jun. 9, 2023) (redacting personal identifying information of plaintiff).

Dated: March 24, 2025
      New York, NY

Respectfully submitted,

*/s Sonya Levitova*
Sonya Levitova

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP
One Rockefeller Plaza, 8th Floor
New York, NY 10020
(212) 763-5000

*Attorney for Plaintiff-Petitioner*