## EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

April 4, 2025

***Via ECF; Courtesy Copy Via Email***

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

      *Re:*     *Chung v. Trump et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

Together with co-counsel, this firm represents Plaintiff-Petitioner Yunseo Chung in the above-captioned matter. We write to respectfully request that the Court: (1) unseal the rider, supporting affidavit, application, and any other materials underlying the warrant issued on March 13, 2025, authorizing federal law enforcement to search for and seize documents from Ms. Chung's Columbia University-owned residence ("the Warrant")[1]; (2) provide those materials to the parties for 24 hours so that the parties may propose limited redactions; and (3) after reviewing and deciding any request for limited redactions, order the release of the materials to the public.[2] [3]

### *The Materials Underlying the Warrant Are Significant to This Case*

As described in previous filings, on March 13, 2025, law enforcement agents executed the

---

[1] *See* Ex. K to Levitova Decl., ECF No. 9-11.

[2] This letter-motion is filed pursuant to Provision 2.A of Your Honor's Individual Practices and Local Civil Rule 7.1(d). However, we understand that our request may also be properly brought as a motion pursuant to Provision 2.B of Your Honor's Individual Practices. Should Your Honor wish to adjudicate our request through full motion practice, this letter-motion complies with Provision 2.B's page length limitation. We would be glad to convert this letter-motion to motion papers if it would assist the Court. Additionally, given that Magistrate Judge Lehrburger issued the Warrant, if the Court finds it appropriate, we would welcome a referral to Magistrate Judge Lehrburger to address our request. We have sent Magistrate Judge Lehrburger's chambers a courtesy copy of this letter-motion via email.

[3] The government does not oppose unsealing in concept but believes this letter motion is procedurally improper. As a threshold matter, in the government's view, the application to unseal should be made to the Magistrate Judge who issued the warrant. The government does not believe that Judge Buchwald is the correct forum for this application. In addition, the government believes that the procedure outlined in Plaintiff-Petitioner's letter, whereby the materials underlying the warrant would be unsealed to limited parties who would propose limited redactions before the materials are made available to the public, is contrary to the ordinary procedure. The government is willing to make an unsealing application to Magistrate Judge Lehrburger and, if that application is granted, to unseal the materials, subject to redaction of any third-party information, PII, and any other information that by law should not be made public. Plaintiff-Petitioner notes that, while Defendants-Respondents may be describing the "ordinary procedure," they do not appear to contest the Court's authority to grant the request outlined herein in this case.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

Warrant at Ms. Chung's Columbia-owned residence, ostensibly seeking documents including any occupancy or lease agreements, travel records, and immigration records. The Warrant cited only one law that had supposedly been violated, 8 U.S.C. § 1324. This provision, known as the "harboring" statute, criminalizes the harboring of persons unlawfully present in the country. Deputy Attorney General Todd Blanche then publicly stated that Columbia University is under investigation for "harboring and concealing illegal aliens on its campus."[4] The Warrant would only have been properly supported factually if the materials submitted to the issuing Magistrate Judge, including under oath, stated that Ms. Chung was unlawfully present in the United States. But Ms. Chung is a lawful permanent resident, *see* Compl. ¶ 23, and Secretary Rubio does not have the unilateral authority to revoke her status, *see id.* ¶¶ 91-92, 153-75. Ms. Chung remains a lawful permanent resident unless an immigration judge rules otherwise, and a final order of removal ensues. Until then, Ms. Chung, a lawful permanent resident, cannot be "harbored," and the statute in question could not have been properly cited to support a warrant to search her residence. Therefore, it is difficult to imagine how a warrant could have been lawfully obtained to authorize the search of Ms. Chung's residence in connection with an ostensible investigation into Columbia's supposed violation of the harboring statute.

The materials underlying the Warrant will supply much needed clarity to Ms. Chung and the public. Any possibility that the Court may have been provided incorrect or false information as a basis for the Warrant makes release of the materials critical. Further, the materials are germane to Ms. Chung's challenge to the legality of Defendants-Respondents' attempts to detain her. For these reasons, the Warrant materials should be released.

### *The Common Law Presumption of Access Warrants Releasing the Requested Materials*

The public has a qualified public right of access to judicial documents pursuant to the common law, depending on the weight of the presumption of access and any countervailing considerations to be balanced against that presumption. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) (setting out general framework for determining whether disclosure is merited under common law or First Amendment). It is well-settled that warrant application materials are judicial documents to which this common law presumption applies. *See United States v. Cohen*, 366 F. Supp. 3d 612, 620-21 (S.D.N.Y. 2019) (presumption of access for search warrant applications and supporting affidavits); *United States v. Mullins*, No. 22 Cr. 120 (JGK), 2023 WL 3159418, at *2 (S.D.N.Y. Apr. 26, 2023) (same; collecting cases).

Under the common law presumption of public access, the materials underlying the Warrant should be released. *First*, the presumption of access to the materials sought is of the highest weight. *Second*, no sufficiently compelling countervailing considerations against that presumption merit shielding the materials from disclosure entirely.

### A.   *The Materials Underlying the Warrant Are Entitled to the Highest Presumption of Access*

The "weight to be given the presumption of access" is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to

---

[4] Jonah E. Bromwich & Hamed Aleaziz, *Columbia Student Hunted by ICE Sues to Prevent Deportation*, N.Y. Times (Mar. 24, 2025), https://www.nytimes.com/2025/03/24/nyregion/columbia-student-ice-suit-yunseo-chung.html.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

those monitoring the federal courts." *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). "Especially great weight is given to documents that are material to particular judicial decisions and thus critical to 'determining litigants' substantive rights—conduct at the heart of Article III— and . . . public monitoring of that conduct.'" *United States v. All Funds on Deposit at Wells Fargo Bank ("Wells Fargo")*, 643 F. Supp. 2d 577, 584 (S.D.N.Y. 2009) (quoting *Amodeo*, 71 F.3d at 1049). Affidavits and other materials underlying a search warrant, which "contain the information forming the basis for the probable cause determination" "prerequisite[]" for the warrant's issuance, are such documents. *Id.* The presumption of access to warrant-related materials is therefore entitled to "great weight." *Mullins*, 2023 WL 3159418, at *2.

### B. *No Countervailing Considerations Justify Wholly Sealing the Materials Sought*

Where the presumption of access is "of the highest" weight, as it is for search warrant application materials, the material "should not remain under seal *absent the most compelling reasons*." *Lugosch*, 435 F.3d at 123; *see Wells Fargo*, 643 F. Supp. 2d at 584-85 (applying this standard to seizure warrant affidavits). And even where "compelling reasons exist to deny public access to the subject affidavits, the limitation should not be broader than necessary." *Wells Fargo*, 643 F. Supp. 2d at 585 (citing cases where warrant applications were unsealed with limited redactions). In conducting this analysis, courts have identified as possible countervailing factors "guarding against risks to national security, protecting the privacy and reputation of crime victims, [] minimizing the danger of an unfair trial from adverse publicity," *Cohen*, 366 F. Supp. 3d at 622, protecting innocent third parties' privacy interests, *Mullins*, 2023 WL 3159418, at *2-3, "the danger of impairing law enforcement or judicial efficiency," and "the privacy interests of those resisting disclosure," *Lugosch*, 435 F.3d at 120 (quoting *Amodeo*, 71 F.3d at 1050). Here, none of these reasons is sufficiently compelling to keep the materials sought sealed in their entirety.

To begin with, unsealing the materials is unlikely to occasion national security or adverse publicity concerns. As this Court observed, there is no evidence in the record that Ms. Chung poses any danger to the public. Mar. 25, 2025 Hr'g Tr. at 3:14-16, 4:13-17. Moreover, to the extent that the Warrant materials implicate Respondents' broader, well-publicized criminal investigation into Columbia, if DHS is in fact attempting to unlawfully detain U.S. permanent residents like Ms. Chung under the auspices of a federal "harboring" statute investigation, not only are Respondents' privacy interests minimal but the questionable legitimacy of that investigation overrides whatever privacy interests exist.[5] Finally, to the extent that unsealing the requested materials would infringe on Ms. Chung's privacy interests, the privacy interests of the other person named in the Warrant, or the privacy interests of other innocent third parties named in materials underlying the Warrant, limited redactions to preserve those privacy interests are appropriate. *See* ECF Nos. 10, 21.

For all these reasons, the Warrant materials should be unsealed and provided to the parties for 24 hours (or for a time period deemed appropriate by the Court) so that the parties may propose limited redactions to protect those privacy interests, after which the Court should release the materials to the public.

Thank you for considering this request.

---

[5] *Supra* n.3 ("Todd Blanche, the deputy attorney general, has said that the school is under investigation 'for harboring and concealing illegal aliens on its campus.'").

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

                                        Respectfully submitted,

                                        *Emery Celli Brinckerhoff Abady Ward &*
                                        *Maazel LLP*
                                          Sonya Levitova
                                          Katherine Rosenfeld
                                          Jonathan S. Abady

                                        *CLEAR Project, Main Street Legal Services,*
                                        *Inc.*
                                          Naz Ahmad
                                          Ramzi Kassem
                                          Tarek Z. Ismail
                                          Mudassar Hayat Toppa

                                        *Human Rights First*
                                          Joshua Colangelo-Bryan

                                        *Lawyers' Committee for Civil Rights of the*
                                        *San Francisco Bay Area*
                                          Jordan Wells

                                        *Law Office of Matthew Bray*
                                          Nathan Yaffe

                                        Jonathan Hafetz, Esq.

                                        *Attorneys for Plaintiff-Petitioner*

cc:     Hon. Robert W. Lehrburger (via email)
        All Counsel of Record (via ECF)