**Morningside Heights Legal Services, Inc.**

435 West 116th Street, New York, NY 10027
T 212 854 4291  F 212 854 3554

April 8, 2025

*By ECF*
The Honorable Naomi Reice Buchwald
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      Re: *Chung v. Trump*, No. 25-cv-2412

Dear Judge Buchwald:

  We respectfully move through this letter for leave to submit the attached *amici curiae* brief on behalf of more than 110 immigration lawyers, law professors, and scholars, in support of the petitioner's motion for a temporary restraining order and/or preliminary injunction.[1] The Plaintiff / Petitioner consents to this request. The Defendants / Respondents take no position on this request.

  Given that there is no applicable rule of civil procedure governing amicus curiae briefs, "[d]istrict courts have broad discretion to permit or deny an appearance as amicus curiae in a case." *In GLG Life Tech Corp. Securities Litigation*, 287 F.R.D. 262, 265 (S.D.N.Y. 2012) (internal quotation marks omitted). "The usual rationale for amicus curiae submissions is that they are of aid to the court and offer insights not available from the parties." *Auto. Club of New York, Inc. v. Port Auth. of New York & New Jersey*, No. 11 CIV. 6746 RJH, 2011 WL 5865296, at *1 (S.D.N.Y. Nov. 22, 2011).

  Here, the proposed amicus brief highlights the unprecedented nature of the government's reliance on 8 U.S.C. 1227(a)(4)(C)(i) to deport a lawful permanent resident for political speech prior to March 2025, drawing on *amici*'s vast collective experience. *Amici curiae* are leading lawyers, law professors, and scholars who practice, write, research, and teach immigration law.

---

[1] No party's counsel authored this brief in whole or in part; no party or party's counsel contributed money that was intended to fund preparing or submitting this brief; and no person other than the amicus curiae or its counsel contributed money that was intended to fund preparing or submitting this brief.

*Amici* collectively have many centuries of experience representing individuals at all stages of their immigration proceedings and in federal court. Based on publicly available data from the Executive Office of Immigration Review (EOIR) and published Board of Immigration Appeals (BIA) decisions, out of 11.7 million cases, DHS has invoked INA § 241(a)(4)(C)(i) or INA § 237(a)(4)(C)(i) as a removal charge in *only fifteen cases* prior to March 2025. In just seven of these fifteen cases, the foreign policy deportability ground was the only charge alleged throughout the proceeding. Only four individuals ever were ultimately ordered removed or deported after being charged with removability under this ground. That means, essentially one person ordered removed *per decade* under this provision. What's more, nearly all of these cases arose in the distant past, shortly after the provision was enacted. Focusing on the last 25 years, the EOIR data reflects that INA § 237(a)(4)(C) has been invoked only *four times* prior to March 2025, and *only twice* has it been the only charge alleged throughout the proceeding. In light of this data, it may well be that Ms. Chung's case is virtually unprecedented in the history of this provision and in the history of the United States.

      Additionally, the brief elaborates on the arguments that Section 1227(a)(4)(C) is unconstitutional. Specifically, the brief argues that this deportability ground is facially invalid under the void-for-vagueness doctrine, deprives noncitizens of a meaningful opportunity to be heard in violation of due process, and violates the First Amendment. *Amici* include scholars who have written extensively about the void-for-vagueness doctrine and other due process issues in the immigration context, as well as immigrants' First Amendment rights. *Amici* have also personally observed the chilling effects on their campuses following Ms. Chung's arrest.

      *Amici* have a strong interest in the outcome of this case and their brief provides non-duplicative insights into the foreign policy deportability ground and its use to arrest and detain a permanent resident for political speech. Accordingly, on behalf of *amici*, undersigned counsel respectfully request that this Court grant leave to file the attached proposed amicus curiae brief in this matter.

                                       Respectfully submitted,

                                        <u>/s/ Elora Mukherjee</u>
                                        Elora Mukherjee
                                        Jerome L. Greene Clinical Professor of Law
                                        Columbia Law School
                                        Morningside Heights Legal Services, Inc.
                                        435 W. 116th Street, Room 831
                                        New York, NY 10027
                                        (212) 854-4291
                                        emukherjee@law.columbia.edu
                                        (in her individual capacity)

Fatma Marouf
Professor of Law
Texas A&M School of Law
307 W. 7th St. Suite LL50
Fort Worth, TX 76102
(817) 212-4123
fatma.marouf@law.tamu.edu
(in her individual capacity)


Amber Qureshi
Law Office of Amber Qureshi, LLC
6925 Oakland Mills Rd, PMB #207,
Columbia, MD 21045
(443) 583-4353
amber@qureshilegal.com


Ahilan T. Arulanantham (SBN 237841)
Professor from Practice
UCLA School of Law
385 Charles E. Young Dr. East
Los Angeles, CA 90095
(310) 825-1029
arulanantham@law.ucla.edu
(in his individual capacity)

Adam Cox
Robert A. Kindler Professor of Law
NYU School of Law
40 Washington Sq. South
New York, New York 10012
212-992-8875
adambcox@nyu.edu
(in his individual capacity)

*Counsel for Amici Curiae*[2]

---

[2] The proposed amicus brief does not purport to present the institutional views of the schools with which the preparers of this amicus brief are affiliated.