EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP

ATTORNEYS AT LAW
ONE ROCKEFELLER PLAZA
8TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbawm.com

April 10, 2025

*Via ECF; Courtesy Copy Via Email*

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

  Re: *Chung v. Trump et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

  Together with co-counsel, this firm represents Plaintiff-Petitioner Yunseo Chung in the above-captioned matter. We write to respectfully request leave to seek narrow, expedited discovery from the government in support of Ms. Chung's motion for a preliminary injunction.[1]

  *Background*. Ms. Chung is a 21-year-old lawful permanent resident and junior at Columbia University. Ms. Chung faces arrest, detention, and threatened deportation by the U.S. government because of her protected speech, pursuant to Defendants' policy of targeting noncitizens affiliated with universities across the country who speak out in favor of Palestinian human rights or criticize the Israeli government's military campaign in Gaza or U.S. support therefor. Based on Ms. Chung's actual and perceived First Amendment-protected activity, Secretary of State Rubio has purportedly determined that her presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States, or that her protected views, speech, or associations would compromise a compelling U.S. foreign policy interest (the "Foreign Policy Ground"). Now, pursuant to that determination, ICE seeks to arrest Ms. Chung, detain her, and place her in removal proceedings.

  *Preliminary Injunction Motion*. Ms. Chung seeks a preliminary injunction preventing her unlawful detention and transfer beyond this District during the pendency of this case, as well as sufficient advance notice, should Defendants seek to detain her on any other asserted basis, to be heard on whether any such asserted basis is a pretext for First Amendment retaliation or raises other, related constitutional issues. Ms. Chung is likely to succeed on three claims, each of which provides an independent basis for a preliminary injunction. Defendants' adverse actions and threats violate the First Amendment, the Fifth Amendment, and the INA, constitutionally construed. These claims turn on the resolution of certain factual issues—namely, Defendants' purposes and objectives in targeting Ms. Chung and, especially, the basis for Secretary Rubio's determination as to Ms. Chung. Narrow, expedited discovery is reasonable under the circumstances.

---

[1] Undersigned counsel requested Defendants' position on this request on April 8, 2025. On April 9, 2025, Defendants stated that they do not consent to Ms. Chung's request for expedited discovery.

Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Page 2

*Legal Standard*. "Courts in this district have applied a 'flexible standard of reasonableness and good cause' in determining whether to grant a party's expedited discovery request." *N. Atl. Op. Co. v. Evergreen Dist., LLC*, 293 F.R.D. 363, 367 (E.D.N.Y. 2013) (quoting *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012)). Ms. Chung must show that her request is "reasonable under the circumstances." *Id.* at 367. Good cause exists where "the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."[2] *Id.*

*Requested Discovery*. The central question before the Court will be *why* the government targeted Ms. Chung at this time. Ms. Chung requests that the Court order the government to produce the following six categories of documents relating to Defendants' basis for targeting Ms. Chung. These categories are carefully tailored to uncover pertinent materials:

(1) Any documents referencing Ms. Chung by name or A-Number and concerning the U.S. Department of Homeland Security's investigation of Ms. Chung in contemplation of removal proceedings, including any Notice to Appear (Form I-862), administrative arrest warrant (Form I-200), and/or Record of Deportable/Inadmissible Alien (Form I-213) that has been issued or drafted as to Ms. Chung. This request seeks all versions of these same documents, including, but not limited to, drafts and superseded versions.

(2) Any documents referencing Ms. Chung by name or A-Number and concerning the U.S. Department of State's decision to invoke the Foreign Policy Ground (8 U.S.C. § 1227(a)(4)(C)(i)) as to Ms. Chung, including Secretary of State Marco Rubio's March 2025 letter to the Department of Homeland Security identifying Ms. Chung as one of two lawful permanent residents to be deported, and any preceding or resulting correspondence. *See* Nick Miroff, *There Was a Second Name on Rubio's Target List*, Atlantic (Mar. 13, 2025), https://www.theatlantic.com/politics/archive/2025/03/trump-deportation-green-card-holder-mahmoud-khalil/682037/; Compl., ECF No. 17, ¶¶ 153-54.[3] This request seeks all versions of these same documents, including, but not limited to, drafts and superseded versions.

(3) Documents sufficient to show all information that Defendants contend, at the time that ICE issued an administrative arrest warrant for Ms. Chung, provided reasonable grounds for Secretary of State Rubio to believe that Ms. Chung's continued presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.

(4) Documents sufficient to show all information considered by Secretary of State Rubio in personally determining that Ms. Chung's continued presence or activities in the United States would compromise a compelling United States foreign policy interest.

---

[2] "[T]he four-part test [for expedited discovery] articulated in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), . . . has fallen out of favor in this Circuit in recent years." *SingularDTV, GmbH v. Doe*, 637 F. Supp. 3d 38, 42 n.10 (S.D.N.Y. 2022).

[3] On April 9, 2025, the government submitted a redacted version of the March 2025 letter as evidence in Mahmoud Khalil's removal proceedings. The redacted letter, which has been made public by the Associated Press, is attached as Exhibit A to this letter-motion. *See* Jake Offenhartz, *Pressed for evidence against Mahmoud Khalil, government cites its power to deport people for beliefs*, AP (Apr. 10, 2025), https://apnews.com/article/mahmoud-khalil-columbia-university-trump-c60738368171289ae43177660def8d34.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 3

    (5) Any reports referencing Ms. Chung by name or A-Number or Columbia University issued by the Attorney General, the Secretary of State, the Secretary of Education, and the Secretary of Homeland Security pursuant to Section 3(a) of Executive Order 14188 ("Additional Measures To Combat Anti-Semitism").

    (6) Any documents possessed by Defendants, their employees, or agents, dated between March 1, 2025, and March 8, 2025, that mention or reference Ms. Chung by name or A-Number.

To the extent necessary after the documents are received, Ms. Chung also requests that the Court grant her leave to conduct one deposition pursuant to Fed. R. Civ. P. 30(b)(6) of the witness most knowledgeable about the facts underlying Defendants' actions, as well as the policies, guidance, or directives that supported Defendants' actions towards Ms. Chung. Should the Court order the production of the documents above, counsel will review them and only ask the Court for a deposition if it remains warranted.

Good cause exists for this narrow discovery. *See N. Atl. Op. Co.*, 293 F.R.D. at 367. No prejudice exists to Defendants from complying with these narrow requests. The above documents are ones that the government must itself review to respond in good faith to the allegations in the Complaint, and thus production to Ms. Chung would not pose a burden. Existing facts support the conclusion that Ms. Chung was targeted for arrest, detention, and threat of deportation because she exercised her First Amendment rights. *See* ECF No. 8. However, the underlying documentary record of the government's actions is not yet available for review and should inform both upcoming party briefing and the Court's analysis of the motion.

The documents listed above are critical to Ms. Chung's motion, which "involves 'outrageous' conduct" by the government against speech that "implicates the apex of protection under the First Amendment." *Ragbir v. Homan*, 923 F.3d 53, 69 (2d Cir. 2019) (quoting *Reno v. Am.-Arab Anti-Discrimination Comm. (AADC)*, 525 U.S. 471, 491 (1999)).[4] Ms. Chung's discovery request is also reasonable in scope and feasible on a short timeline. *See N. Atl. Op. Co.*, 293 F.R.D. at 370-71. She seeks only documents mentioning her by name or A-number, or documents that demonstrate Defendants' basis for invoking the Foreign Policy Ground against her. The document requests are narrowly time-limited as well. *Cf. Irish Lesbian & Gay Org. v. Giuliani*, 918 F. Supp. 728, 730-31 (S.D.N.Y. 1996) (denying expedited discovery on denial of parade permit as unreasonable where it sought material relating to many years of prior parades).

*Timing*. Ms. Chung respectfully requests that the Court direct Defendants to file an immediate response to this request for expedited discovery. If the request is granted, Ms. Chung requests that the Court order the production of documents within one week.

Thank you for considering this request.

---

[4] Ms. Chung anticipates that the government will oppose her motion on the basis of 8 U.S.C. § 1252(g), which limits federal court jurisdiction over claims as to three discrete actions: the commencement of removal proceedings, their adjudication, or execution of removal orders. Although she does not challenge any of these actions, *cf. AADC*, 525 U.S. at 483 (explaining that § 1252(g) does not alter jurisdiction to review the "many other decisions or actions that may be part of the deportation process"), even if § 1252(g) did apply, ICE detention of a lawful permanent resident in retaliation for protected political expression would fall under *AADC*'s exception for "outrageous" conduct.

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 4

          Respectfully submitted,

*Emery Celli Brinckerhoff Abady Ward & Maazel LLP*
  Jonathan S. Abady
  Katherine Rosenfeld
  Sonya Levitova

*CLEAR Project, Main Street Legal Services, Inc.*
  Naz Ahmad
  Ramzi Kassem
  Tarek Z. Ismail
  Mudassar Hayat Toppa

*Human Rights First*
  Joshua Colangelo-Bryan

*Lawyers' Committee for Civil Rights of the San Francisco Bay Area*
  Jordan Wells

*Law Office of Matthew Bray*
  Nathan Yaffe

Jonathan Hafetz, Esq.

*Attorneys for Plaintiff-Petitioner*

cc:     All Counsel of Record (via ECF)