# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Yunseo CHUNG,

       *Plaintiff-Petitioner*,

v.

Donald J. TRUMP, *et al.*,

       *Defendants- Respondents*.

No. 1:25-cv-2412 (NRB)

## DECLARATION OF MARINA VIDES

I, Marina Vides, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

    1.    I am currently an Acting Deputy Special Agent in Charge (DSAC) for the New York field office of U.S. Immigration and Custom Enforcement's (ICE) Homeland Security Investigations (HSI). I have held this position since March 2025.  Prior to this position, I served in various leadership roles at HSI, including as an HSI New York Assistant Special in Charge (ASAC), a Program Manager for HSI Domestic Operations, and as an investigative Group Supervisor.  I have been employed as a Special Agent with HSI since September 2002.  In these various roles, and nearly 23 years of experience with the agency, I have overseen investigations of suspected violations of federal law as they pertain to the United States immigration and customs laws, including violations related to the Immigration and Nationality Act (INA).

    2.    I am aware of the above captioned lawsuit. I provide this declaration based on my personal knowledge, reasonable inquiry, and information obtained from various records, systems,

databases, other Department of Homeland Security (DHS) officials, and information portals maintained and relied upon by DHS in the regular course of business.

3.     Ms. Chung is a native and citizen of South Korea. She was originally admitted as a B-2 visitor on November 17, 2008, and later as a F-2 nonimmigrant on July 26, 2010. On August 27, 2021, Ms. Chung adjusted status to that of a lawful permanent resident based on her father's employment-based adjustment of status application.

4.     On March 5, 2025, the New York City Police Department arrested Ms. Chung for Obstructing Governmental Administration in the Second Degree in violation of NY Penal Law Section 195.05 (1); Trespass in violation of NY Penal Law Section 140.05; and Disorderly Conduct in violation of NY Penal Law Section 240.20 (6).

5.     On March 20, 2025, Ms. Chung was arraigned in New York County Criminal Court on the charges of Obstructing Governmental Administration in the Second Degree in violation of NY Penal Law Section 195.05 (1) and Disorderly Conduct in violation of NY Penal Law Section 240.20 (6).

6.     On March 8, 2025, ICE was notified that the Secretary of State determined Ms. Chung is a deportable alien pursuant to Section 237(a)(4)(C) of the Immigration and Nationality Act (INA). Under Section 237(a)(4)(C), an alien is deportable from the United States if the Secretary of State has reasonable ground to believe that the alien's presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.  A copy of that document is attached to this declaration as Exhibit A.

7.     Based on this determination, Ms. Chung is removable from the United States pursuant to Section 237(a)(4)(C)(i) of the INA, as an alien who the Secretary of State has personally determined that her presence or activities in the United States would compromise a

compelling United States foreign policy interest under Section 237(a)(4)(C)(ii). This violation of immigration law is the basis of ICE's enforcement action.

8.    On March 8, 2025, ICE issued a Form I-200, Administrative Warrant of Arrest, for Ms. Chung based on probable cause that she is removable from the United States. A copy of that document is attached as Exhibit B.

9.    On or about March 8, 2025, Columbia University officials were advised that there is an administrative arrest warrant issued for Ms. Chung. Columbia University officials stated that they will not grant ICE agents access to university property to effectuate the arrest absent a judicial warrant.

10.    Between March 8, 2025, and the present, ICE has attempted to locate Ms. Chung in the New York City and Yorktown, Virginia area to perform a civil arrest and process her for removal proceedings before an immigration judge, including serving Ms. Chung with a copy of a Form I-862, Notice to Appear, notifying her of the charge of removability to commence removal proceedings. Specifically, between March 8 and March 13, 2025, ICE agents conducted surveillance in the vicinity of Ms. Chung's last known address, located at 549 W. 113th Street, New York, NY 10025, without success.  ICE understands that the district court's TRO in this case currently prohibits Ms. Chung from being arrested and detained.

11.    On March 9, 2025, ICE agents attempted to contact Ms. Chung via cell phone numbers provided, without success.

12.    On March 9, 2025, ICE agents visited the residence of Ms. Chung's parents, located in Yorktown, VA, and engaged in a consensual conversation with Ms. Chung's father in an effort to locate Ms. Chung.

13.     On March 12, 2025, ICE issued an administrative subpoena to Columbia University for any and all video footage for 549 W. 113th Street, New York, NY 10025 from 1:00pm March 8, 2025, through 11:59pm March 11, 2025.

14.     On March 13, 2025, ICE issued an administrative subpoena to Columbia University for any and all Student Identification Swipe Card Access Data for Ms. Chung for the time period of March 5, 2025, through March 13, 2025.

15.     On March 13, 2025, the United States District Court for the Southern District of New York issued a search and seizure warrant for the property located at 549 W. 113th Street, Room 50, New York, NY 10025. The search and seizure warrant, in sum and substance, was issued for all evidence, fruits and instrumentalities of violations of 8 U.S.C. § 1324, to include any records relating to Ms. Chung and her affiliation with Columbia University, including but not limited to all communications between Columbia University and Ms. Chung, all residential lease agreements or student occupancy agreements or codes of conduct relating to Ms. Chung, any immigration records pertaining to Ms. Chung, and any flight or travel records relating to Ms. Chung.

16.     On March 13, 2025, ICE agents executed the search and seizure warrant but were unable to locate any evidence at the property.

17.     As of the date of this declaration, ICE has been unable to locate Ms. Chung. Because ICE has been unable to locate Ms. Chung and because of the federal court's TRO entered on March 25, 2025, ICE has been unable to arrest and detain Petitioner and has also been unable to serve the charging document on her for purposes of commencing removal proceedings.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this []th day of April 2025.

MARINA VIDES

Digitally signed by
MARINA VIDES
Date: 2025.04.11
14:27:47 -04'00'

Marina Vides
Acting Deputy Special Agent in Charge
Homeland Security Investigations
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

# EXHIBIT A

**THE SECRETARY OF STATE**
**WASHINGTON**

SENSITIVE BUT UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE

MEMORANDUM FOR THE SECRETARY OF HOMELAND SECURITY

FROM:    Marco Rubio

SUBJECT:    (SBU) Notification of Removability Determinations under Section 237(a)(4)(C) of the Immigration and Nationality Act (INA)

(SBU) I am writing to inform you that upon notification from the Department of Homeland Security's Homeland Security Investigations (DHS/ICE/HSI) on March 7, 2025, I have determined that Yunseo Chung (DOB: ███-2003; POB: South Korea) and ████████████████████████████, both U.S. Lawful Permanent Residents (LPRs), are deportable aliens under INA section 237(a)(4)(C).  I understand that ICE now intends to initiate removal charges against them, based on assurances from DHS/ICE/HSI.

(SBU) Under INA section 237(a)(4)(C)(i), an alien is deportable from the United States if the Secretary of State has reasonable ground to believe that the alien's presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States.  Under INA section 237(a)(4)(C)(ii), for cases in which the basis for this determination is the alien's past, current, or expected beliefs, statements, or associations that are otherwise lawful, the Secretary of State must personally determine that the alien's presence or activities would compromise a compelling U.S. foreign policy interest.

(SBU) Pursuant to these authorities, I have determined that the activities and presence of these aliens in the United States would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest.  These determinations are based on

SENSITIVE BUT UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE
Classified by:  Secretary of State Marco Rubio
E.O. 13526, Reason(s):  1.4 (justification sections)
Declassify on:  Month DD, YYYY

information provided by the DHS/ICE/HSI regarding the participation and roles of Chung and ▮▮▮▮ in antisemitic protests and disruptive activities, which fosters a hostile environment for Jewish students in the United States. My determination for Yunseo is also based on her citations for unlawful activity during these protests.  The public actions and continued presence of Chung and ▮▮▮▮ in the United States undermine U.S. policy to combat anti-Semitism around the world and in the United States, in addition to efforts to protect Jewish students from harassment and violence in the United States. Consistent with E.O. 14150, America First Policy Directive to the Secretary of State, the foreign policy of the United States champions core American interests and American citizens and condoning anti-Semitic conduct and disruptive protests in the United States would severely undermine that significant foreign policy objective.

**Attachments**
Tab 1 – DHS Letter on Yunseo Chung
Tab 2 – HSI Subject Profile of Yunseo Chung
Tab 3 – DHS Letter on ▮▮▮▮▮▮▮▮
Tab 5 – HSI Subject Profile of ▮▮▮▮▮▮▮▮
Tab 5 – 8 USC 1227(a)(4)(C)

# EXHIBIT B

**U.S. DEPARTMENT OF HOMELAND SECURITY      Warrant for Arrest of Alien**

File No. ███████████

Date: March 08, 2025

**To:   Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that ___CHUNG, Yunseo___ is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

WILLIAM P JOYCE

Digitally signed by WILLIAM P JOYCE
DN: cn=WILLIAM P JOYCE, o=U.S. Government, ou=People, email=William.P.Joyce@ice.dhs.gov, c=US
Date: 2025-03-08T20:40:30-0500

_____
(Signature of Authorized Immigration Officer)

WILLIAM JOYCE - Acting Field Office Director
_____
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____
                                                                              (Location)

on _____ on _____, and the contents of this
        (Name of Alien)                (Date of Service)

notice were read to him or her in the _____ language.
                                             (Language)

_____        _____
    Name and Signature of Officer                    Name or Number of Interpreter (if applicable)