

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 11, 2025

By ECF
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Chung v. Trump*, 25-cv-2412 (NRB)

Dear Judge Buchwald:

    This Office represents the government in the above-referenced matter. We write pursuant to Rule 2(C)(1) of the Court's Individual Practices to briefly summarize the substantive arguments advanced in the government's motion to dismiss, which was filed today.

## I.    Background

    On March 24, 2025, Petitioner filed this action to effectively enjoin ICE from commencing removal proceedings against her. She brings four claims: (1) a First Amendment claim challenging the constitutionality of the "Foreign Policy Ground" of 8 U.S.C. § 1227(a)(4)(C), as well as the "Rubio Determination, the Policy, and the targeting of [Petitioner]"; (2) a Fifth Amendment claim challenging the constitutionality of the "Foreign Policy Ground" of 8 U.S.C. § 1227(a)(4)(C), as well as the "Policy and Rubio Determination"; (3) an Administrative Procedure Act ("APA") claim; and (4) a non-delegation doctrine claim. As relief, Petitioner seeks (i) an order vacating and setting aside the government's alleged "Policy of targeting noncitizens for removal based on First Amendment protected speech and advocacy for Palestinian rights," (ii) an order vacating and setting aside "the Rubio Determination as applied to [Petitioner]," (iii) an order enjoining the government "from taking any enforcement action against [her]," and (iv) a declaration that the government's "actions to arrest, detain, or transfer [Petitioner] violate the First Amendment, the Due Process Clause of the Fifth Amendment, the INA, the APA, the *Accardi* doctrine, and the non-delegation doctrine."

## II.    Argument

    ***First***, the Court should dismiss this action for lack of subject-matter jurisdiction, as it presents an impermissible challenge to removal proceedings.

    Under the Immigration and Nationality Act ("INA"), removal proceedings generally provide the exclusive means for determining whether an alien is both removable from the United States and eligible for any relief or protection from removal. *See* 8 U.S.C. § 1229a. When an immigration judge issues a removal order, an alien can challenge that order in an appeal to the

Board of Immigration Appeals ("BIA").  *See* 8 C.F.R. §§ 1003.1(b), 1003.3(a).  If the BIA affirms the immigration judge's order, the removal order becomes administratively final.  8 U.S.C. § 1101(a)(47)(B).  The alien may then seek judicial review of that final order of removal by filing a petition for review in the court of appeals in the regional circuit in which the immigration judge completed the underlying proceedings.  *See* 8 U.S.C. § 1252(a) and (b)(1)-(2).

In 8 U.S.C. § 1252, Congress channeled into the statutorily prescribed administrative procedure described above all legal and factual questions that may arise from the removal of an alien, with judicial review of those decisions vested exclusively in the courts of appeals.  *See Reno v. American-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 483 (1999) ("*AADC*").  Section 1252(a) provides that a petition for review in a court of appeals is the "sole and exclusive means for judicial review of an order of removal."  8 U.S.C. § 1252(a)(5).  Section 1252(b) further emphasizes that review of "all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States . . . shall be available *only* in judicial review of a final order under this section."  8 U.S.C. § 1252(b)(9) (emphasis added).  Finally, Section 1252(g) provides that, "notwithstanding any other provision of law (statutory or nonstatutory)," "no court"—except a federal court of appeals in the petition-for-review process described above—"shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the [Secretary of Homeland Security] to commence proceedings, adjudicate cases, or execute removal orders against any alien."  8 U.S.C. § 1252(g).

In short, Congress has withdrawn district court jurisdiction over the challenges presented in this action.  Notwithstanding the lack of district court jurisdiction, Petitioner is not without an Article III forum to challenge any eventual removal order that may issue: after exhausting administrative remedies in the immigration court and at the BIA, she may file a petition for review of a final removal order with the appropriate court of appeals, in which she may assert legal and constitutional challenges to her removal order and removal proceedings.

***Second***, independent of the foregoing jurisdictional arguments, Petitioner's claims also suffer from other defects that render them subject to dismissal.  For one, Petitioner cannot invoke habeas relief under 28 U.S.C. § 2241 because she is not "in custody."  For another, Petitioner cannot invoke the Administrative Procedure Act because other statutes "preclude judicial review" (namely, 8 U.S.C. § 1252) and Petitioner has an "adequate remedy in a court" through the petition-for-review process.  Lastly, Petitioner's challenge to the Secretary of State's foreign policy determination is a non-justiciable political question.

For all of these reasons, and as set forth in greater detain in the government's memorandum of law in support of its motion, the Court should dismiss this action in its entirety.

We thank the Court for its consideration of and attention to this matter.

                                  Respectfully submitted,

                                  MATTHEW PODOLSKY
                                Acting United States Attorney for the
                                Southern District of New York

By:    */s/ Brandon M. Waterman*
                                JEFFREY OESTERICHER
                                BRANDON M. WATERMAN
                                Assistant United States Attorneys
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Telephone: (212) 637-2695/2743
                                jeffrey.oestericher@usdoj.gov
                                brandon.waterman@usdoj.gov

cc: Counsel of Record (by ECF)