

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

April 14, 2025

**By ECF**
Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:   *Chung v. Trump et al.,* 25 Civ. 2412 (NRB)

Dear Judge Buchwald:

      This Office represents defendants-respondents (the "Government") in the above-referenced matter. We write respectfully in response to plaintiff-petitioner Yunseo Chung's ("Chung") April 10, 2025 letter to the Court requesting leave to conduct expedited discovery in support of her motion for a preliminary injunction (ECF No. 30 ("Pl. Ltr.")). As set forth below, discovery is not appropriate in this matter. The Government has moved to dismiss Chung's complaint, and opposed her motion for a preliminary injunction, based on subject matter jurisdiction and pleading grounds that do not require discovery to adjudicate. That motion should be decided before any discovery is considered. Further, as a matter of law, discovery is not permitted with respect to U.S. Secretary of State Marco Rubio's determination that Chung is a removable alien. Accordingly, Chung's motion for expedited discovery should be denied.

      *Procedural Background*

      Chung, a native and citizen of South Korea, was originally admitted to the United States as a B-2 visitor on November 17, 2008, and later as a F-2 nonimmigrant on July 26, 2010, before adjusting to lawful permanent resident status. *See* Declaration of Marina Vides (ECF No. 34) ("Vides Decl.") ¶ 3. Chung is currently enrolled as a college student at Columbia University. *See* Complaint and Petition for Writ of Habeas Corpus (ECF No. 1) ¶¶ 2, 25. On March 5, 2025, Chung was arrested by the New York City Police Department and charged with Obstruction of Governmental Administration in the Second Degree, Disorderly Conduct, and Trespass. Vides Decl. ¶ 4. On March 8, 2025, U.S. Secretary of State Marco Rubio determined that Chung is a removable alien under Immigration and Nationality Act ("INA") § 237(a)(4)(C), 8 U.S.C. § 1227(a)(4)(C), finding that her presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Vides Decl. ¶ 6 & Ex. A. Based on that determination, Chung is removable from the United States under 8 U.S.C. § 1227(a)(4)(C). Vides Decl. ¶ 7. On March 8, 2025, the Acting New York City Field Office Director of U.S. Immigration and Customs Enforcement ("ICE") signed an administrative arrest warrant directing that Chung be arrested and taken into custody for removal proceedings. *Id.* ¶ 8 & Ex. B.

Chung filed this action on March 24, 2025, to enjoin ICE from arresting, detaining, and removing her from the United States. ECF No. 1. Together with her complaint, Chung filed a motion for a temporary restraining order ("TRO") and preliminary injunction ("PI") to enjoin ICE, *inter alia*, from detaining her during the pendency of this action. ECF Nos. 6, 8. On March 25, 2025, the Court entered a "status quo TRO," temporarily enjoining ICE from detaining Chung until the Court decides her motion for a preliminary injunction motion. *See* ECF No. 19. On April 11, 2025, the Government filed a combined motion to dismiss and opposition to Chung's motion for a preliminary injunction. ECF Nos. 32-34. In its motion, the Government demonstrated that the Court should dismiss this action for lack of subject matter jurisdiction and deny Chung's motion for a preliminary injunction because Congress has withdrawn district court jurisdiction over challenges to removal proceedings, like this one. *See* ECF No. 33 at 6-21.

### *Chung's Request for Expedited Discovery*

In her April 10 letter, Chung requests that the Court order the Government to provide extensive document discovery and grant her leave to conduct a Fed. R. Civ. P. 30(b)(6) deposition if, after review of the produced documents, her counsel believes a deposition is warranted. Pl. Ltr. at 2-3. Specifically, Chung requests six broad categories of documents, including (1) "Any documents referencing Ms. Chung by name or A-Number and concerning the U.S. Department of Homeland Security's investigation of Ms. Chung"; (2) "Any documents referencing Ms. Chung by name or A-Number and concerning the U.S. Department of State's decision to invoke the Foreign Policy Ground (8 U.S.C. § 1227(a)(4)(C)(i)) as to Ms. Chung"; (3) "Documents sufficient to show all information that Defendants contend, at the time that ICE issued an administrative arrest warrant for Ms. Chung, provided reasonable grounds for Secretary of State Rubio to believe that Ms. Chung's continued presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States"; and (4) "Documents sufficient to show all information considered by Secretary of State Rubio in personally determining that Ms. Chung's continued presence or activities in the United States would compromise a compelling United States foreign policy interest." Pl. Ltr. at 3.

### *Chung's Request for Expedited Discovery Should Be Denied*

Chung's discovery motion should be denied. "[C]ourts in the Second Circuit apply two tests to determine whether expedited discovery is appropriate." *TushBaby, Inc. v. Jinjang Kangbersi Trade Co. Ltd.*, No. 24 Civ. 6150 (JMF), 2024 WL 4627452, at *10 (S.D.N.Y. Oct. 30, 2024). The first is a flexible "reasonableness" and "good cause" standard. *See id.*; *Stern v. Cosby*, 246 F.R.D. 453, 457 (S.D.N.Y. 2007). The second is the four-factor test articulated in *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982), which requires the party seeking expedited discovery to demonstrate "'(1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury, and (4) some evidence that the injury that will result without expedited discovery looms greater than the injury that the defendant will suffer if the expedited relief is granted.'" *TushBaby,* 2024 WL 4627452, at *10 (quoting *Notaro,* 95 F.R.D. at 405). This Court need not resolve which test to apply because Chung's request for expedited discovery satisfies neither standard.

As a threshold matter, Chung's request for expedited discovery should be denied because this Court lacks subject matter jurisdiction over her claims pursuant to the provisions of the INA,

8 U.S.C. § 1252.  *See* ECF No. 33 at 6-21.  Because Chung's discovery requests have no bearing on the Government's motion to dismiss, the Court can adjudicate the jurisdictional questions presented by this case without any further factual development.  As such, Chung cannot show "good cause" for expedited discovery.  *See, e.g.*, *In re United States*, 583 U.S. 29, 32-33 (2017); *Ragbir v. Homan*, No. 18 Civ. 1159 (PKC), 2018 WL 11365231, at *2 (S.D.N.Y. Mar. 26, 2018) (denying motion for expedited discovery in First Amendment challenge to removal where government had filed motion to dismiss for lack of subject matter jurisdiction).

The Supreme Court's decision in *In re United States* is instructive.  In that case, the district court ordered the government to complete the administrative record by turning over a broad swath of documents regarding the government's decision to rescind the Deferred Action for Childhood Arrivals ("DACA") program, including "all materials actually seen or considered, however briefly, by Acting Secretary [Elaine] Duke in connection with the potential or actual decision to rescind DACA."  *Id.,* 583 U.S. at 31.  However, the government had raised a "threshold argument[] . . . that the Immigration and Nationality Act deprives the District Court of jurisdiction."  *Id.* at 32.  Finding that "[this] argument[], if accepted, likely would eliminate the need for the District Court to examine a complete administrative record," *id.*, the Supreme Court ruled that the order should have been stayed, *id*.  So too here.  If the Court accepts the Government's argument that the INA deprives the Court of jurisdiction, then the discovery sought by Chung will be unnecessary.  The Court therefore should wait to consider any application for discovery until the jurisdictional question is resolved.  *Id.*; *Ragbir*, 2018 WL 11365231, at *2 (denying plaintiffs' application for expedited discovery which "would result in the Court [] putting the cart before the horse").[1]

Moreover, even if this Court were to determine (incorrectly) that the jurisdiction-stripping provisions of the INA do not apply and that Chung may challenge her removal proceedings in this action, expedited discovery regarding the factual bases of Secretary Rubio's foreign policy determination would not be appropriate.  Any such discovery is barred by the political question doctrine.[2]  The gravamen of any political question is "essentially a function of the separation of powers."  *Baker v. Carr*, 369 U.S. 186, 217 (1962).  To guide courts in determining when such a question is raised, the Supreme Court identified six "formulations" that indicate a question has been committed to the political branches:

---

[1] Chung's suggestion that the jurisdiction stripping provisions of the INA should not apply here because the Government's conduct is "outrageous," *see* Pl. Ltr. at 3 & n. 4 (citing *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471, 491 (1999)), is mistaken.  The potential exception for "so outrageous" government conduct is a departure from the general rule that aliens cannot assert selective enforcement as a defense against deportation.  *Id*.  That has no bearing on the Government's primary point that this Court lacks jurisdiction over such a claim. which would only potentially be available on a petition for review.  *See id.*; *Ragibir v. Homan*, 923 F.2d 53, 74 n. 27 (2d Cir. 2019), *vacated,* 141 S. Ct. 227 (2000).  But even more to the point, Chung's argument highlights the need for the Court to first adjudicate the Government's motion to dismiss before evaluating whether any discovery would be appropriate.  *See In re United States*, 538 U.S. at 31-32; *Ragbir*, 2018 WL 11365231, at *2.

[2] On a petition for review, the appropriate court of appeals would consider whether its precedent allows for any review and, if so, the extent of that review.

> Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id*. "A finding of any one of the six factors indicates the presence of a political question." *Gross v. German Foundation Indus. Initiative*, 456 F.3d 363, 377 (3d Cir. 2006); *accord 767 Third Ave. Assocs. v. Consulate General of Socialist Federal Republic of Yugoslavia*, 218 F.3d 152, 160, 164 (2d Cir. 2000).

Chung's request to probe and second-guess the Secretary of State's determination, including the Executive's foreign policy considerations, implicates all six. Necessarily, Chung's requested discovery and injunction sits at the intersection of two issues textually committed to the political branches of the government: (1) foreign affairs, *see 767 Third Ave.*, 218 F.3d at 160; *El-Shifa Pharmaceutical Industries Co. v. United States*, 607 F.3d 836, 842 (D.C. Cir. 2010) ("The political question doctrine bars our review of claims that, regardless of how they are styled, call into question the prudence of the political branches in matters of foreign policy or national security constitutionally committed to their discretion."); and (2) immigration policy, *see Mathews v. Diaz*, 426 U.S. 67, 81 (1976) ("the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government."). Moreover, there is no manageable standard for what constitutes "potentially serious adverse foreign policy consequences," 8 U.S.C. § 1227(a)(4)(C)(i), or a "compelling United States foreign policy interest." 8 U.S.C. § 1227(a)(4)(C)(ii). *See, e.g.*, *Padavan v. U.S.*, 82 F.2d 23, 27 (2d Cir. 1996) (no manageable judicial standards for evaluating immigration policy)

Through her complaint and motion for expedited discovery, Chung is asking this Court to "displac[e] the Executive in its foreign policy making role," *Gross*, 456 F.3d at 389-90, and to find that the Secretary of State "acted unreasonably under the circumstances," *Tarros S.p.A. v. U.S.*, 982 F. Supp. 2d 325, 333 (S.D.N.Y. 2013). This Court should reject that invitation. Second-guessing of this type of exercise of discretion is what the political question doctrine is meant to prevent. *See, e.g.*, *Baker*, 369 U.S. at 217; *767 Third Ave.*, 218 F.3d at 160.

Finally, even if the Court were to conclude that review of the Secretary's determination is not barred by the political question doctrine (which it should not do), Chung still has not shown that expedited discovery would be appropriate. Indeed, the law is clear that in the context of challenges to final agency action under the Administrative Procedure Act ("APA") (*see* ECF No. 1 at 44 (Chung's assertion of a claim under the APA)), district court review ordinarily shall be based on the administrative record prepared by the agency, *Florida Power & Light Co. v. Lorion,* 470 U.S. 729, 743-44 (1985), and extra-record discovery is inappropriate, *Camp v. Pitts*, 411 U.S.

138, 142 (1973); *Hadwan v. U.S. Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *3 (S.D.N.Y. Sept. 3, 2021) ("because the district court in an APA case sits not as a fact-finder, but as a reviewing court, discovery is generally not permitted") (internal quotation marks and citation omitted).[3] Chung has not set forth any basis why this rule would not apply here.

Thank you for your attention to this matter.

Respectfully,

MATTHEW PODOLSKY
Acting United States Attorney for the
Southern District of New York

By: /s/ *Jeffrey Oestericher*
JEFFREY OESTERICHER
Assistant United States Attorney
Tel.: (212) 637-2695
Email: jeffrey.oestericher@usdoj.gov

---

[3] Chung styles her filing as a "Complaint and Petition for Writ of Habeas Corpus," but she is not in detention and therefore cannot obain the relief she seeks through habeas. *See Department of Homeland Security v. Thuraissigiam*, 591 U.S. 103, 119 (2020) (no habeas remedy where petitioner "does not want 'simple release' but, ultimately, the opportunity to remain lawfully in the United States").