## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Yunseo CHUNG,

       *Plaintiff-Petitioner*,

v.

Donald J. TRUMP, in his official capacity as
President of the United States of America; Marco
RUBIO, in his official capacity as Secretary of
State, U.S. Department of State; Pamela BONDI,
in her official capacity as Attorney General, U.S.
Department of Justice; Kristi NOEM, in her
official capacity as Secretary of Homeland
Security, U.S. Department of Homeland Security;
Todd M. LYONS, in his official capacity as
Acting Director, U.S. Immigration and Customs
Enforcement; and William P. JOYCE, in his
official capacity as Acting Field Office Director of
the New York Immigration and Customs
Enforcement Office,

       *Defendants-Respondents*.

Case No. 25-cv-2412

## <u>MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF-PETITIONER'S MOTION FOR A PRELIMINARY INJUNCTION</u>

CLEAR Project – Main Street Legal Services, Inc.
Emery Celli Brinckerhoff Abady Ward & Maazel LLP
Human Rights First
Lawyers' Committee for Civil Rights of the San Francisco Bay Area
Law Office of Matthew Bray
Jonathan Hafetz, Esq.

TABLE OF CONTENTS

PAGE NO.

PRELIMINARY STATEMENT ..................................................................................1

ARGUMENT ...........................................................................................................1

    I.      SECTION 1252(B)(9) DOES NOT BAR REVIEW ..............................................2

    II.     SECTION 1252(G) DOES NOT BAR REVIEW...................................................6

    III.    SECTION 1226(E) DOES NOT BAR REVIEW ...................................................8

    IV.    NO PURPORTED "DEFECTS" BAR RELIEF.......................................................9

    V.     THE REMAINING FACTORS FAVOR GRANTING
              PRELIMINARY INJUNCTIVE RELIEF ...........................................................11

CONCLUSION.......................................................................................................12

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Aguilar v. ICE*,
    510 F.3d 1 (1st Cir. 2007) ................................................................................ 6

*Ajlani v. Chertoff*,
    545 F.3d 229 (2d Cir. 2008) ............................................................................ 13

*Alvarez v. ICE*,
    818 F.3d 1194 (11th Cir. 2016) ...................................................................... 12

*Asylum Seeker Advoc. Project v. Barr*,
    409 F. Supp. 3d 221 (S.D.N.Y. 2019) .............................................................. 4

*Baker v. Carr*,
    369 U.S. 186 (1962) ........................................................................................ 16

*Bello-Reyes v. Gaynor*,
    985 F.3d 696 (9th Cir. 2021) .......................................................................... 10

*Bhaktibhai-Patel v. Garland*,
    32 F. 4th 180 (2d Cir. 2022) ............................................................................. 7

*Black v. Decker*,
    103 F.4th 133 (2d Cir. 2024) .......................................................................... 16

*Calderon v. Sessions*,
    330 F. Supp. 3d 944 (S.D.N.Y. 2018) ............................................................ 11

*Demore v. Kim*,
    538 U.S. 510 (2003) ........................................................................................ 13

*DHS v. Regents of Univ. of Cal.*,
    591 U.S. 1 (2020) ....................................................................................... 2, 15

*E.O.H.C., v. Sec'y U.S. Dep't of Homeland Sec.*,
    950 F.3d 177 (3d Cir. 2020) ...................................................................... 3, 5, 8

*Gonzalez v. ICE*,
    975 F.3d 788 (9th Cir. 2020) ............................................................................ 6

*Ho v. Greene*,
    204 F.3d 1045 (10th Cir. 2000) ...................................................................... 10

*In Re Rodriguez-Carrillo*,
    22 I. & N. Dec. 1031 (BIA 1999) ..................................................................... 5

*Jennings v. Rodriguez,*
    583 U.S. 281 (2018)..................................................................... 2, 3, 4, 5, 6, 7, 9, 12, 14

*Johnson v. Guzman Chavez,*
    594 U.S. 523 (2021) ........................................................................................... 2

*Jones v. Cunningham,*
    371 U.S. 236 (1963)........................................................................................... 15

*Khalil v. Trump,*
    No. 25-cv-1963 (D.N.J. 2025) ........................................................................... 5

*Kong v. United States,*
    62 F.4th 608 (1st Cir. 2023)............................................................................... 13

*Michalski v. Decker,*
    279 F. Supp. 3d 487 (S.D.N.Y. 2018)........................................................... 5, 10

*Nat'l Fed'n of Indep. Business v. OSHA,*
    595 U.S. 109 (2022)............................................................................................ 6

*Nielsen v. Preap,*
    586 U.S. 392 (2019)...................................................................................... 2, 14

*Ozturk v. Trump,*
    --- F. Supp. 3d ---, 2025 WL 1145250 (D. Vt. Apr. 18, 2025) ....... 1, 3, 7, 8, 11, 12, 14, 17

*Parra v. Perryman,*
    172 F.3d 954 (7th Cir. 1999) ............................................................................ 10

*Prado v. Perez,*
    451 F. Supp. 3d 306 (S.D.N.Y. 2020)............................................................... 10

*Ragbir v. Homan,*
    923 F.3d 53 (2d Cir. 2019)........................................................................... 13, 15

*Reno v. Am.-Arab Anti-Discrimination Comm.,*
    525 U.S. 471 (1999).................................................................................... 9, 12

*Rosales-Mireles v. United States,*
    585 U.S. 129 (2018)........................................................................................... 17

*S.N.C. v. Sessions,*
    No. 18-cv-7680, 2018 WL 6175902 (S.D.N.Y. Nov. 26, 2018)....................... 11

*Saadulloev v. Garland,*
    No. 3:23-cv-106, 2024 WL 1076106 (W.D. Pa. Mar. 12, 2024)...................... 12

*Simmonds v. I.N.S.*,
    326 F.3d 351 (2d Cir. 2003) ............................................................................ 15

*Sindicato Puertorriqueño de Trabajadores v. Fortuño*,
    699 F.3d 1 (1st Cir. 2012) ............................................................................... 17

*Tazu v. Attorney General*,
    975 F.3d 292 (3d Cir. 2020) ............................................................... 8, 12, 13

*Torres-Jurado v. Biden*,
    No. 19-cv-3595, 2023 WL 7130898 (S.D.N.Y. Oct. 29, 2023) ........................ 4

*Vargas v. U.S. Dep't of Homeland Sec.*,
    No. 1:17-cv-356, 2017 WL 962420 (W.D. La. Mar. 10, 2017) ...................... 12

*Velasco Lopez v. Decker*,
    978 F.3d 842 (2d Cir. 2020) ........................................................................... 14

*Velesaca v. Decker*,
    458 F. Supp. 3d 224 (S.D.N.Y. 2020) ............................................................ 16

*Xiu Qing You v. Nielsen*,
    No. 18-cv-5392, 2020 WL 2837022 (S.D.N.Y. June 1, 2020) ...................... 10

*You v. Nielsen*,
    321 F. Supp. 3d 451 (S.D.N.Y. 2018) .............................................................. 3

*Zadvydas v. Davis*,
    533 U.S. 678 (2001) ................................................................................. 14, 16

*Zadvydas v. Underdown*,
    185 F.3d 279 (5th Cir. 1999) ......................................................................... 10

*Zhislin v. Reno*,
    195 F.3d 810 (6th Cir. 1999) ......................................................................... 10

*Zivotofsky v. Clinton*,
    566 U.S. 189 (2012) ....................................................................................... 16

**Statutes**

8 C.F.R. § 1003.19(h)(2)(ii) .................................................................................. 3

8 C.F.R. § 1239.1 ................................................................................................... 8

8 U.S.C. § 1182(a)(3)(C)(iii) ............................................................................... 10

8 U.S.C. § 1226(c) ................................................................................................. 8

iv

8 U.S.C. § 1226(e) ......................................................................................... 8, 9

8 U.S.C. § 1227(a)(4)(C)(i) ........................................................................... 3, 10

8 U.S.C. § 1252(a)(5) ...................................................................................... 2, 3

8 U.S.C. § 1252(b)(9) ......................................................................... 2, 3, 4, 5, 6

8 U.S.C. § 1252(g) ...................................................................................... 6, 7, 8

**Other Authorities**

H.R. Rep. No. 109-72 .......................................................................................... 4

Immigration Court Practice Manual, 9.3(e)(4)-(5) ............................................. 5

Plaintiff-Petitioner Yunseo Chung submits this memorandum of law in further support of her motion for a preliminary injunction.

## PRELIMINARY STATEMENT

Defendants-Respondents ("Defendants") openly admit the elements of a First Amendment retaliation claim, to wit: U.S. Immigration and Customs Enforcement ("ICE") seeks to detain Ms. Chung because of her protected beliefs, statements, or associations. And they do not contest that detaining Ms. Chung would constitute viewpoint discrimination, serve no constitutionally valid purpose, and violate the constitutional prohibition on imprisonment without due process. Instead, Defendants rest on a series of unavailing jurisdictional arguments that courts have repeatedly rejected, including in constitutional challenges to ICE detention. This Court should do the same.

## ARGUMENT

Defendants conflate the relief sought in the instant motion with the broader relief sought in the Complaint. The *only* relief the instant motion seeks is a preliminary injunction barring Defendants from arresting and detaining Ms. Chung while this litigation is pending. But Defendants make no jurisdictional argument that would bar this relief. Instead, they advance various claims based on the false premise that Ms. Chung brings only a "challenge to removal proceedings[.]"[1] ECF 33 ("Opp.") at 5. The District of Vermont recently rejected the government's virtually identical argument in the case of a Tufts doctoral student whom ICE detained because she co-authored an op-ed in a student newspaper. *See Ozturk v. Trump*, --- F. Supp. 3d ---, 2025 WL 1145250, at *11–15 (D. Vt. Apr. 18, 2025).[2] This Court should likewise reject that argument here and grant the preliminary injunction.

---

[1] To be clear, there also is no impediment to judicial review of Ms. Chung's other claims, as explained in her contemporaneously filed opposition to Defendants' motion to dismiss.

[2] Unless otherwise indicated, all internal quotations and citations are removed, and all citations are "cleaned up."

## I.    SECTION 1252(B)(9) DOES NOT BAR REVIEW

The preliminary relief Ms. Chung seeks here entails review of a question distinct from removal proceedings: whether detaining her for her speech is likely unconstitutional.

It is well-established that such claims, which do "not ask[] for review of an order of removal, the decision to seek removal, or the process by which removability will be determined," are not subject to section 1252(b)(9). *DHS v. Regents of Univ. of Cal.*, 591 U.S. 1, 19 (2020). In fact, the Supreme Court has rejected Defendants' argument that 1252(b)(9), which applies to questions "arising from any action taken or proceeding brought to remove" a noncitizen, bars claims alleging unlawful detention.[3] *Jennings v. Rodriguez*, 583 U.S. 281, 293 (2018) (Thomas, J., concurring); *Nielsen v. Preap*, 586 U.S. 392, 402 (2019); *Johnson v. Guzman Chavez*, 594 U.S. 523, 533 n.4 (2021).

Settled precedent establishes that 1252(b)(9) does not bar the claim at issue for at least three independently sufficient reasons.

*First*, the Supreme Court has rejected as "extreme" any interpretation of 1252(b)(9) that would render valid claims, including challenges to detention, "effectively unreviewable." *Jennings*, 583 U.S. at 293. This is known as the "now-or-never principle[.]" *E.O.H.C. v. Sec'y U.S. Dep't of Homeland Sec.*, 950 F.3d 177, 186 (3d Cir. 2020) (reading *Jennings* to establish principle that 1252(b)(9) cannot bar claims where post-order relief would "come too late to redress" injury). Courts in this District have repeatedly applied this principle to permit claims challenging illegal arrest and detention, as did the court in *Ozturk*. *See, e.g.*, *Ozturk*, 2025 WL 1145250, at *13 (*Jennings* "explicitly rejected" contention that section 1252(b)(9) "arising from" language

---

[3] Section 1252(a)(5) does not expand the scope of section 1252(b)(9) but complements its command that questions covered by (b)(9) are reviewable "only in judicial review of a final order," 8 U.S.C. § 1252(b)(9), specifying that judicial review *of such an order* shall occur only through "a petition for review filed with an appropriate court of appeals," 8 U.S.C. § 1252(a)(5).

encompasses detention claims); *You v. Nielsen*, 321 F. Supp. 3d 451, 459 (S.D.N.Y. 2018) ("[I]nterpreting §§ 1252(a)(5) and (b)(9) to bar Petitioner's claims challenging his arrest and detention unless those claims were crammed into a petition for review of a removal order would render such claims effectively unreviewable.") (cleaned up); *Torres-Jurado v. Biden*, No. 19-cv-3595, 2023 WL 7130898, at *3 (S.D.N.Y. Oct. 29, 2023) (*Jennings* forecloses "reading of § 1252(b)(9)" that "would permit ICE to arrest[ and] detain" plaintiff "without any statutory or constitutional constraints"); *see also Asylum Seeker Advoc. Project v. Barr ("ASAP")*, 409 F. Supp. 3d 221, 226 (S.D.N.Y. 2019) (detention claims "which necessarily involve harms that end before the entry of a final order" are "effectively unreviewable" on petition for review). It bears emphasis that section 1252(b)(9) is a channeling, not jurisdiction-stripping, provision.

The "now-or-never principle" applies with particular force here given Defendants' position that Ms. Chung would be detained without the possibility of bond. Specifically, Defendants intend to apply 8 U.S.C. § 1227(a)(4)(C)(i) to Ms. Chung, *see* Vides Decl. Ex. A, ECF 34 ("Vides Decl."), as they have to Mahmoud Khalil. ECF 1, ¶¶ 100–16 (describing targeting of Mr. Khalil). Both are discussed in the same Rubio Determination. ECF 34 at 7–8. And Defendants argue that individuals subject to that provision are barred by 8 C.F.R. § 1003.19(h)(2)(ii) from seeking release on bond from an immigration judge. *See* Mar. 25, 2025 Hr'g Tr. 4:5–6) (Mr. Oestericher: "[M]y colleague . . . is . . . not certain there is a bond hearing available if she was detained."); Government's Response to Court's Order at 1, *Khalil v. Joyce*, No. 25-cv-1963 (D.N.J. 2025), ECF 190 at 1 (asserting that "[t]he IJ [c]annot [o]rder [r]elease" where someone is charged under § 1227(a)(4)).[4] Further, neither the immigration judge nor the Board of Immigration Appeals could consider Ms. Chung's unconstitutional detention claims. *In Re Rodriguez-Carrillo*, 22 I. & N. Dec. 1031, 1035

---

[4] 8 C.F.R. § 1003.19(h)(2) generally covers the classes of individuals unable to seek custodial redetermination—a bond hearing—before an immigration judge.

(BIA 1999) ("[N]either the Immigration Judge nor this Board may rule on the constitutionality of the statutes that we administer."); *Michalski v. Decker*, 279 F. Supp. 3d 487, 496 (S.D.N.Y. 2018).

Defendants' interpretation would thus result in what *Jennings* forbids by rendering Ms. Chung's unlawful detention claim "effectively unreviewable," leaving her without redress. Defendants' construction of 1252(b)(9) would, moreover, extinguish the ability of permanent residents to challenge their imprisonment for protected First Amendment activity, contrary to the spirit and text of the law. *E.O.H.C.*, 950 F.3d at 186 ("[T]he point of the provision is to channel claims into a single petition for review, not to bar claims that do not fit within that process."). Congress needs to speak far more clearly if it seeks to achieve a result of such vast significance, *cf. Nat'l Fed'n of Indep. Business v. OSHA,* 595 U.S. 109, 117 (2022), and that would at minimum raise serious constitutional problems under the Suspension Clause, *see infra* at 8.

*Second*, courts have uniformly interpreted the "arising from" language in 1252(b)(9) narrowly, rejecting "uncritical literalism" that would "cram[] judicial review" of questions collateral to removal proceedings into petitions for review. *Jennings*, 583 U.S. at 293–94 (an "absurd" result that "no sensible person could have intended" to apply 1252(b)(9) to claim merely because it would not have arisen but for decision to seek removal). Indeed, Congress "stated unequivocally" that 1252(b)(9) "should not be read to preclude" "challenges to detention," because detention claims are "independent of removal proceedings." *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007) (quoting H.R. Rep. No. 109-72); *see also Gonzalez v. ICE*, 975 F.3d 788, 810–11 (9th Cir. 2020) (following *Aguilar*). Under settled precedent, this motion does not require the Court to opine on removability and does not "arise from" removal proceedings. Nor could it, as many are placed in removal proceedings without being detained.

Defendants wrench *dicta* from *Jennings* to argue that 1252(b)(9) encompasses challenges to initial detention, *see* Opp. at 13–14, but the *Jennings* Court was merely stating that the claims at issue challenged prolonged detention—not purporting to rule on initial detention challenges. No Court has adopted Defendants' counterintuitive interpretation of *Jennings*, and recently the District of Vermont thoroughly discussed and rejected it. *See Ozturk*, 2025 WL 1145250, at *13.

*Third*, any determination concerning the constitutionality of Ms. Chung's detention will not "affect the validity" of a final order of removal, nor "merge" into it. *Bhaktibhai-Patel v. Garland*, 32 F. 4th 180, 189 (2d Cir. 2022) (confining judicial review in petition for review process to issues affecting validity of final order of removal or those which "merge" into final order). Issues concerning detention are part of separate, collateral proceedings. Immigration Court Practice Manual, 9.3(e)(4)-(5) ("[T]he Record of Proceedings in a bond proceeding is kept separate and apart from other Records of Proceedings."). Upon any reading of 1252(b)(9), determinations concerning Ms. Chung's detention would not form part of, nor "merge" into, a final order of removal. It thus defies the statutory structure to read a channeling provision for post-order judicial review to reach this detention challenge.

The only case Defendants identify where 1252(b)(9) was applied to deny *any* detention-related claim arose in unique circumstances, distinguishable from above-mentioned authority. In *Tazu v. Attorney General*, the petitioner sought to stay execution of a final order of removal. 975 F.3d 292, 295 (3d Cir. 2020). The court found his challenge to DHS authority to remove him— and the "brief door-to-plane detention" it necessarily entailed—so "bound up with" the removal that he was attempting "to thwart the removal itself." *Id.* at 299–300. *Tazu*, however, expressly reaffirmed the *E.O.H.C.* "now-or-never" principle, emphasizing that 1252(b)(9) "does not foreclose" other claims challenging immigration detention. *Id.* at 199.

By contrast, Ms. Chung's challenge to imminent illegal detention is not "bound up with" removal proceedings. Defendants assert that detention "precedes any issuance of an NTA," Opp. at 14, but removal proceedings commonly commence without detention. *See Ozturk*, 2025 WL 1145250, at *13 (finding government argument that detention arises from petitioner's removal proceedings "stretches the bounds of the text and the facts of this case" because "there is no causal relationship between the removal proceedings and her detention" and noting that "[h]er detention did not flow naturally as a consequence of her removal proceedings"). Nothing in precedent or reason supports application of 1252(b)(9) here.

## II.    SECTION 1252(G) DOES NOT BAR REVIEW

Defendants' reliance on section 1252(g) likewise ignores the Supreme Court's construction of that provision and settled authority applying it. The Supreme Court has rejected the argument that 1252(g) is a "zipper clause" covering enforcement-related claims, finding it "much narrower," barring review only of "discretionary determinations" to undertake "three discrete actions:" to "*commence* proceedings, *adjudicate* cases, or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm. ("AADC")*, 525 U.S. 471, 472, 482 (1999). The Court repeatedly emphasized that 1252(g) was "directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion." *Id.* at 485 n.9. But 1252(g) does not alter a court's jurisdiction to review the "many other decisions or actions that may be part of the deportation process." *Id.* at 483; *see also Jennings*, 583 U.S. at 294 (reaffirming that 1252(g) "refer[s] to just those three specific actions themselves").

Under this binding authority, courts have found that 1252(g) does not bar challenges to illegal detention because detention is not one of the discrete actions listed therein. For example, the Ninth Circuit held that 1252(g) did not bar a challenge to ICE detention of a noncitizen during removal proceedings in retaliation for political speech. *Bello-Reyes v. Gaynor*, 985 F.3d 696, 698,

700 n.4 (9th Cir. 2021); *see also, e.g.*, *Parra v. Perryman*, 172 F.3d 954, 957 (7th Cir. 1999) (permitting due process challenge); *Zadvydas v. Underdown*, 185 F.3d 279, 285 (5th Cir. 1999) (same); *Ho v. Greene*, 204 F.3d 1045, 1051–52 (10th Cir. 2000) (same); *Zhislin v. Reno*, 195 F.3d 810, 814 (6th Cir. 1999) (same). Courts in this District uniformly follow this analysis. *See Prado v. Perez*, 451 F. Supp. 3d 306, 312 (S.D.N.Y. 2020) (surveying cases upholding "jurisdiction to hear claims arising from unlawful arrest or detention, because those claims are too distinct to be said to 'arise from' the commencement of removal proceedings"); *see also Michalski*, 279 F. Supp. 3d at 494–95; *Xiu Qing You v. Nielsen*, No. 18-cv-5392, 2020 WL 2837022, at *5–6 (S.D.N.Y. June 1, 2020); *S.N.C. v. Sessions*, No. 18-cv-7680, 2018 WL 6175902, at *4–5 (S.D.N.Y. Nov. 26, 2018). Courts in this District also recognize that 1252(g) does not bar claims that DHS acted in excess of lawful authority. *Calderon v. Sessions*, 330 F. Supp. 3d 944, 954 (S.D.N.Y. 2018) ("Petitioner here does not challenge ICE's prosecutorial discretion. Rather, Petitioner challenges ICE's *legal authority*[.]") (emphasis in original). This overwhelming authority—which Defendants conveniently ignore—squarely applies, foreclosing any argument that 1252(g) bars Ms. Chung's detention claim.

Applying Second Circuit precedent, the *Ozturk* court recently rejected identical arguments. 2025 WL 1145250, at *11–15. There, as here, the government argued the court lacked jurisdiction to review "decisions to detain for the purposes of removal[.]" *Id.* at *12. In fully applicable reasoning, the court found the government's position defied the "plain text of subsection (g)" and was supported by "no precedent in this Circuit or at the Supreme Court[,]" and that detention "d[oes] not flow naturally as a consequence of [petitioner's] removal proceedings." *Id.* at *13–14. The court held that 1252(g) does not bar consideration of the petitioner's claims. *Id.* at *15. The same result is required here.

Defendants cite two decisions that interpret 1252(g) broadly, but they contravene *AADC* and *Jennings* and are outliers that, to the extent applicable, conflict with the weight of in-Circuit authority. Opp. at 8 (citing *Alvarez v. ICE*, 818 F.3d 1194 (11th Cir. 2016)[5] and *Saadulloev v. Garland*, No. 3:23-cv-106, 2024 WL 1076106 (W.D. Pa. Mar. 12, 2024)). And Defendants cite *Tazu*, Opp. at 9, and *Vargas v. U.S. Dep't of Homeland Sec.*, No. 1:17-cv-356, 2017 WL 962420 (W.D. La. Mar. 10, 2017), Opp. at 10–11, but those were challenges to the execution of removal orders, including the brief detention directly incident thereto. Their reasoning has no applicability here, because detention is not inextricably bound up with the commencement of proceedings. *See* 8 C.F.R. § 1239.1 ("Every removal proceeding . . . is commenced by the filing of a notice to appear[.]"); *cf. Kong v. United States*, 62 F.4th 608, 609 (1st Cir. 2023) (permitting illegal detention claim and confining *Tazu* to its circumstances). The other cases Defendants cite are inapposite challenges to removal proceedings. *E.g.*, Opp. at 9 (citing *Ajlani v. Chertoff*, 545 F.3d 229 (2d Cir. 2008)).

Finally, if this Court finds that section 1252(g) covers Ms. Chung's unconstitutional detention challenge, contrary to uniform authority in this District and in other circuits, then constitutional principles relating either to the Suspension Clause or to the "outrageous" government conduct exception to 1252(g), *Ragbir v. Homan*, 923 F.3d 53, 69–73 (2d Cir. 2019), demand judicial review still be available. *See* Pl's Opp. at Section I.A.3.

## III.  SECTION 1226(E) DOES NOT BAR REVIEW

Defendants' argument that 1226(e) bars review hardly merits discussion. That provision precludes review of DHS's "discretionary judgment regarding the application of [section 1226]."

---

[5] *Alvarez*, which predates *Jennings*' establishment of the now-or-never principle, is also distinguishable: the plaintiff was subject to mandatory detention under 8 U.S.C. § 1226(c), inapplicable here, and was transferred from prison to ICE, presenting unique circumstances in which detention was inextricably bound up with the commencement of removal proceedings.

8 U.S.C. § 1226(e). But Ms. Chung does not challenge a "discretionary judgment". Instead, she argues Defendants have no authority to detain her in retaliation for protected speech and that her detention would violate due process. As the Supreme Court and lower courts have held, 1226(e) does not apply to such claims. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a] constitutional challenge" to legal authority for detention); *Nielsen*, 586 U.S. at 401 (1226(e) does not bar challenges to "the extent of the statutory authority" to detain). "Because the extent of the Government's detention authority is not a matter of 'discretionary judgment,'" Ms. Chung's challenge to the legal basis for detention "falls outside the scope of § 1226(e)." *Jennings*, 583 U.S. at 296; *accord Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020) ("Whether [petitioner] received the due process to which he was entitled 'is not a matter of discretion.'") (quoting *Zadvydas v. Davis*, 533 U.S. 678 (2001));[6] *see also Ozturk*, 2025 WL 1145250, at *10-11 (rejecting same 1226(e) argument).

## IV.    NO PURPORTED "DEFECTS" BAR RELIEF

As further articulated in Ms. Chung's opposition to the motion to dismiss, Defendants' remaining threshold objections are unavailing.

*First*, Defendants acknowledge that "circumstances outside of actual physical detention" can satisfy the habeas statute's requirement that a petitioner be "in custody," but aver, without citation, that such circumstances are absent here. But where ICE seeks to detain a petitioner like Ms. Chung and would do so but for a court order, the Second Circuit has held the "in custody" requirement is met. *See Ragbir*, 923 F.3d at 74–76; *accord Simmonds v. I.N.S.*, 326 F.3d 351, 356

---

[6] Defendants misread *Velasco Lopez* to foreclose review of "initial detention." The court's point there was about the merits—namely, that due process demands additional protections as detention becomes prolonged. *Id.* at 853. *Velasco Lopez* does not say initial detention claims are jurisdictionally barred.

(2d Cir. 2003); *see also Jones v. Cunningham*, 371 U.S. 236, 239, 242–43 (1963) (holding that parolee was "in custody" of parole board owing to "significant restraints" on liberty because habeas "has not been restricted to situations in which the applicant is in actual, physical custody").[7]

*Second*, Ms. Chung properly invokes the APA to challenge her imminent detention based on Secretary Rubio's facially implausible, personal determination that, owing to her past, current, expected, or perceived *lawful* beliefs, statements, or associations, her continued presence or activities in the United States would compromise a compelling U.S. foreign policy interest, *see* 8 U.S.C. §§ 1227(a)(4)(C)(i), 1182(a)(3)(C)(iii)— a claim she would be unable to pursue through the petition for review process. *Cf. Regents*, 591 U.S. at 19 (APA review of DACA rescission not precluded by 1252).

*Third*, the political question doctrine, a "narrow exception" to courts' presumptive exercise of jurisdiction, *Zivotofsky v. Clinton*, 566 U.S. 189, 195 (2012), is inapplicable to Ms. Chung's claims, which do not challenge any foreign policy determination. *See Baker v. Carr*, 369 U.S. 186, 217 (1962) (courts "will not stand impotent before an obvious instance of a manifestly unauthorized exercise of power"). And the remarkable assertion that the doctrine precludes even limited review of Secretary Rubio's determination would afford Defendants unlimited authority to censor noncitizens' speech—on pain of arrest and detention—under the auspices of a vague foreign policy of "champion[ing] core American interests and American citizens." Vides Decl. Ex. A, ECF No. 34.

---

[7] Regardless, this Court has inherent equitable jurisdiction to enjoin Defendants' imminent unconstitutional detention of Ms. Chung.

## V.    THE REMAINING FACTORS FAVOR GRANTING PRELIMINARY INJUNCTIVE RELIEF

Absent a preliminary injunction, Ms. Chung, for whom ICE has issued an administrative arrest warrant and deployed law enforcement agents in two states in a bid to detain her, faces irreparable injury. Her interest in freedom from imprisonment is "the most significant liberty interest there is[.]" *Black v. Decker*, 103 F.4th 133, 151 (2d Cir. 2024); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Due Process] Clause protects."); *Velesaca v. Decker*, 458 F. Supp. 3d 224, 240–41 (S.D.N.Y. 2020) ("[D]eprivation of an alien's liberty is, in and of itself, irreparable harm.") (internal quotations omitted). Defendants misleadingly claim that Ms. Chung could challenge detention after arrest, Opp. at 20, obscuring that they have fought tooth-and-nail to prevent any other noncitizen from doing so, claiming 1252 still bars habeas relief after arrest. *Cf. Rosales-Mireles v. United States*, 585 U.S. 129, 139 (2018) ("Any amount of actual jail time is significant[] and has exceptionally severe consequences for the incarcerated individual and for society which bears the direct and indirect costs of incarceration.") (cleaned up); *see also Ozturk*, 2025 WL 1145250, at *14 (reaffirming that "[o]ur tradition is that there is no gap in the fabric of habeas").

The public interest also favors granting preliminary injunctive relief. Although Defendants emphasize the interest in immigration enforcement, a preliminary injunction would only prevent unconstitutional detention, not removal proceedings nor enforcement more broadly. Moreover, permitting government suppression of speech "harms not only the speaker, but also the public to whom the speech would be directed[.]" *Sindicato Puertorriqueño de Trabajadores v. Fortuño*, 699 F.3d 1, 15 (1st Cir. 2012). Chilling campus speech is especially harmful, as American universities are the cradle of our nation's marketplace of ideas.

## CONCLUSION

For the foregoing reasons, the Court should grant the preliminary injunction.

Dated: April 29, 2025                   Respectfully submitted,
         New York, NY

CLEAR PROJECT
MAIN STREET LEGAL SERVICES, INC.
_____/s/_____
Naz Ahmad
Ramzi Kassem
Tarek Z. Ismail
Mudassar Hayat Toppa
CUNY School of Law
2 Court Square West, 5th Floor
Long Island City, NY 11101
(718) 340-4558

EMERY CELLI BRINCKERHOFF ABADY
WARD & MAAZEL LLP
_____/s/_____
Jonathan S. Abady
Katherine Rosenfeld
Sonya Levitova
One Rockefeller Plaza, 8th Floor
New York, NY 10020
(212) 763-5000

HUMAN RIGHTS FIRST
_____/s/_____
Joshua Colangelo-Bryan
121 West 36th Street, PMB 520
New York, NY 10018
(212) 845-5243

LAWYERS' COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
_____/s/_____
Jordan Wells
131 Steuart Street # 400
San Francisco, CA 94105
(415) 543-9444

LAW OFFICE OF MATTHEW BRAY
_____/s/_____
Nathan Yaffe
119 West 23rd Street, Suite 900
New York, NY 10011

13

(646) 253-0580

**JONATHAN HAFETZ, ESQ.**
_____/s/_____
Jonathan Hafetz
1109 Raymond Blvd.
Newark, NJ 07102
(917) 355-6896

*Attorneys for Plaintiff-Petitioner*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,494 words.