April 29, 2025

*Via ECF; Courtesy Copy Via Email*

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

    Re:    *Chung v. Trump, et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

On behalf of Plaintiff-Petitioner Yunseo Chung, we write pursuant to Rule 2(C)(1) of the Court's Individual Practices to briefly summarize the substantive arguments in our opposition to Defendants-Respondents' ("Defendants") motion to dismiss, filed on April 11, 2025.

## I.    Background

Ms. Chung, a 21-year-old lawful permanent resident and junior at Columbia University, faces arrest and detention by the U.S. government because of her protected speech, pursuant to Defendants' policy of targeting noncitizen students and academics across the country for actual or perceived speech in favor of Palestinian human rights or criticizing the Israeli government's military campaign in Gaza or U.S. support for that campaign.

Since Ms. Chung filed her complaint, Defendants have continued their unconstitutional policy of targeting noncitizens for such speech. Hours after this Court issued a temporary restraining order preventing Ms. Chung's arrest and detention, ICE agents arrested Rümeysa Öztürk, a Tufts University doctoral student, for co-authoring an op-ed in a student newspaper about the university administration's response to student senate resolutions concerning Palestine and divestment from Israel. ICE whisked Ms. Öztürk across several states to Louisiana where she has been detained since. And on April 14, 2025, ICE agents arrested Mohsen Mahdawi, a U.S. permanent resident of Palestinian descent, in Vermont after he completed his citizenship interview. The government has invoked the same grounds of removability against Mr. Mahdawi as it has against Ms. Chung. Meanwhile, the minor charges against Ms. Chung flowing from her March 5, 2025 arrest have been dismissed, and she is in good standing at Columbia University. Nevertheless, Defendants have moved to dismiss her complaint.

## II.    Argument

Defendants do not contest the merits of Ms. Chung's claims. Instead, they argue broadly that the Immigration and Nationality Act ("INA") altogether bars the Court from reviewing her claims. The INA framework for judicial review provided in 8 U.S.C. § 1252 channels *certain* claims into an administrative process and petition for review—but not all claims, and certainly not Ms. Chung's.

First, 8 U.S.C. § 1252(g), which bars review of any discretionary "decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders," applies only to Defendants' decisions regarding these "three discrete actions." *Reno v. AADC*, 525 U.S. 471, 482 (1999). None of Ms. Chung's claims challenges a discretionary decision to commence proceedings, adjudicate her case, or execute a removal order, but rather challenge actions relating to a determination by the Secretary of State, part of a different executive branch agency uninvolved in commencing proceedings. To the extent any of her claims are construed to somehow relate to a decision to commence proceedings, Ms. Chung challenges the government's *legal authority* to engage in unlawful and unconstitutional conduct, not any *discretionary* decision, taking her claims outside 1252(g)'s scope. Even if 1252(g) does apply, the conduct Ms. Chung challenges is so "outrageous" that it falls into the 1252(g) exception recognized by the Second Circuit. *See Ragbir v. Homan*, 923 F.3d 53, 78 (2d Cir. 2019), *cert. granted, judgment vacated sub nom. Pham v. Ragbir*, 141 S. Ct. 227 (2020). And, Ms. Chung's claims are also protected under the Suspension Clause.

Sections 1252(a)(5) and (b)(9) likewise pose no obstacle. Section 1252(b)(9) does not bar review of *any* claims but rather channels judicial review of certain issues to the Petition for Review ("PFR") stage. However, as the Supreme Court has repeatedly emphasized, the provision is narrow: where its application would make claims "effectively unreviewable"— because review is impossible in removal proceedings before the agency or on Petition for Review—it has no application. Ms. Chung does not challenge a removal order (none exists), nor issues adjudicated in removal proceedings on which the validity of the removal order depends. As such, her claims do not "arise from" the removal process within the meaning of these provisions. Ms. Chung's claims do not arise from removal proceedings (which have not commenced here), cannot be adjudicated by the immigration judge or Board of Immigration Appeals, and cannot be meaningfully reviewed through the PFR process.

The other "defects" Defendants raise lack merit. Ms. Chung is in custody and can invoke habeas relief under 28 U.S.C. § 2241 because ICE seeks to imminently detain her and would do so but for this Court's continued intervention. *See Ragbir*, 923 F.3d at 74–76. She does not have an adequate alternative remedy because her claims cannot be reviewed through the PFR process, and the INA does not preclude judicial review of her claims. And the political question doctrine, a narrow exception to courts' presumptive exercise of jurisdiction, *Zivotofsky v. Clinton*, 566 U.S. 189, 195 (2012), cannot be wielded to defeat judicial review of Defendants' plainly unconstitutional conduct. That the INA provision invoked by Secretary Rubio against Ms. Chung mentions foreign policy does not somehow render her claims unreviewable or "beyond judicial cognizance." *Baker v. Carr*, 369 U.S. 186, 211 (1962). There is nothing novel, unusual, or nonjusticiable about Ms. Chung's First Amendment, Due Process, and other claims, and the Court can apply well-established principles to adjudicate them.

For these reasons, and as set forth in greater detail in Ms. Chung's memorandum of law in opposition, the Court should deny Defendants' motion to dismiss this action.

Respectfully submitted,

*CLEAR Project, Main Street Legal Services, Inc.*
  Naz Ahmad
  Ramzi Kassem
  Tarek Z. Ismail
  Mudassar Hayat Toppa

*Emery Celli Brinckerhoff Abady Ward & Maazel LLP*
  Jonathan S. Abady
  Katherine Rosenfeld
  Sonya Levitova

*Human Rights First*
  Joshua Colangelo-Bryan

*Lawyers' Committee for Civil Rights of the San Francisco Bay Area*
  Jordan Wells

*Law Office of Matthew Bray*
  Nathan Yaffe

Jonathan Hafetz, Esq.

*Attorneys for Plaintiff-Petitioner*

cc:    All Counsel of Record (via ECF)