May 2, 2025

*Via ECF*

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

  Re: *Chung v. Trump et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

  On behalf of Plaintiff-Petitioner Yunseo Chung, we write to notify the Court of three recent decisions relevant to its consideration of the motions pending in this case. All three decisions arise from cases challenging the policy that Defendants have applied to Ms. Chung.

  ***Mahdawi v. Trump*** arises from the same policy challenged here. No. 25-CV-389, 2025 WL 1243135 at *3 (D. Vt. Apr. 30, 2025), attached as Exhibit A. Based on lawful permanent resident and Columbia undergraduate student Mohsen Mahdawi's constitutionally protected campus speech in support of Palestinian rights, Secretary of State Rubio found that Mr. Mahdawi's "'presence and activities in the United States would have serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest.'" *Id.* On that basis, ICE detained Mr. Mahdawi and then began removal proceedings. *Id*. The request for release that the *Mahdawi* court considered and granted resembles the request for a preliminary injunction in this case, except Mr. Mahdawi was made to endure over two weeks of retaliatory ICE detention prior to his release on recognizance pending adjudication of his case. *Id.* at *15.

  The *Mahdawi* opinion and order rejects the contention that the INA deprives the district court of jurisdiction. **First**, contrary to the argument that detention "arises from" the commencement of removal proceedings within the meaning of 8 U.S.C. § 1252(g), the *Mahdawi* court finds that binding precedent "allows for the exercise of habeas jurisdiction in cases that do not seek to challenge the removal proceedings but are directed instead at administrative detention alleged to be employed to stifle protected speech." *Id*. at *6. **Second**, the court finds that 1226(e) "does not preclude review through habeas procedures of claims that administrative action violates the Constitution." *Id*. **Third**, the court finds that 1252(a)(5) and (b)(9) do not channel constitutional detention challenges into circuit court review of a potential future removal order. *Id*. at *7-8 ("The question is not whether *detention* is an action taken to remove but whether *the legal questions* in this case arise from such an action.") (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018)).

  On the merits, the *Mahdawi* court finds that Mr. Mahdawi meets the standard for release pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001), based on the strength of his constitutional claims, the historically aberrational arrest of lawful permanent residents for political speech, and the fact that his detention "would ratify the chilling effect that the

government intends to create." 2025 WL 1243135 at *8-13 (cleaned up). Notably, the *Mapp* standard is higher than the preliminary injunction standard that the parties agree governs here. *Id.* at *8 (citing *United States v. Manson*, 788 F. App'x 30, 32 (2d Cir. 2019) (describing a "very likely to succeed" standard)). Thus, *Mahdawi* supports Ms. Chung's request for a preliminary injunction preventing her arrest and detention pending this litigation.

**Khalil v. Joyce**, issued in another lawful permanent resident's challenge to his targeting under the same policy as Mr. Mahdawi and Ms. Chung, likewise rejects the contention that the INA deprives a district court of jurisdiction over Mr. Khalil's claims. No. 25-CV-01963, 2025 WL 1232369, at *1 (D.N.J. Apr. 29, 2025), attached as Exhibit B. The *Khalil* order's analysis of 1252(g) and 1226(e) largely accords with *Mahdawi* and Ms. Chung's arguments in this case. *Id.* at *56-58, *60 n.73. The order's analysis of 1252(b)(9), while not entirely aligned with Ms. Chung's, at bottom finds that the statute does not remove jurisdiction for two reasons that Ms. Chung has emphasized before this Court: (1) the immigration courts cannot review Mr. Khalil's claims or even build the relevant factual record, *id.* at *29-43; and (2) circuit court review of Mr. Khalil's claims would not be "meaningful," as the review would come too late to address ongoing alleged irreparable harm. *Id.* at *22 ("1252(b)(9) allows claims to be brought in a federal district court now if there could not be 'meaningful' judicial review of those claims later.") (citing *E.O.H.C. v. D.H.S. Sec'y*, 950 F.3d 177, 180 (3d Cir. 2020)); *see also id.* at *43-56 (explaining that "here-and-now" First Amendment injuries "cannot be fixed later").[1] Thus, the *Khalil* order supports Ms. Chung's arguments that this Court has jurisdiction to hear her claims.

Finally, in **American Association of University Professors v. Rubio** ("*AAUP*"), attached as Exhibit C, associations of university faculty and students challenge the policy under which Ms. Chung, Mr. Khalil, Mr. Mahdawi, and others have been targeted. No. CV 25-10685, 2025 WL 1235084, at *1 (D. Mass. Apr. 29, 2025). The *AAUP* court, denying the government's motion to dismiss the plaintiffs' First Amendment and Administrative Procedure Act claims, finds "persuasive" the decision in *NWDC Resistance v. ICE*, 493 F. Supp. 3d 1003 (W.D. Wash. 2020), which ruled that 1252(g) did not bar challenges to upstream policy decisions targeting noncitizens due to their speech. 2025 WL 1235084, at *11. On the First Amendment merits, the *AAUP* order affirms that "noncitizens lawfully present in the United States have at least the core rights protected by the First Amendment, chief among them the right to speak on political subjects at least where such speech poses no immediate threat to others." *Id.* at *19. Thus, the *AAUP* order supports Ms. Chung's arguments that her claims are reviewable and meritorious.

---

[1] The *Khalil* order initially interprets the "arising from" text of 1252(b)(9) to encompass the Rubio Determination, 2025 WL 1232369, at *11-12. That is in tension with the narrow interpretation of "arising from" in *Jennings*, 583 U.S. at 293. But the order ultimately resolves that tension by embracing the "now-or-never principle" established in *Jennings* (as recognized by *E.O.H.C.*, 950 F.3d at 180) to narrow the provision's scope.

Respectfully submitted,

*CLEAR Project, Main Street Legal Services, Inc.*
  Naz Ahmad
  Ramzi Kassem
  Tarek Z. Ismail
  Mudassar Hayat Toppa

*Emery Celli Brinckerhoff Abady Ward & Maazel LLP*
  Jonathan S. Abady
  Katherine Rosenfeld
  Sonya Levitova

*Human Rights First*
  Joshua Colangelo-Bryan

*Lawyers' Committee for Civil Rights of the San Francisco Bay Area*
  Jordan Wells

*Law Office of Matthew Bray*
  Nathan Yaffe

Jonathan Hafetz, Esq.

*Attorneys for Plaintiff-Petitioner*

c:    All Counsel of Record (via ECF)