

Tim Tai
First Amendment Fellow

T 212 556 1244

timothy.tai@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

May 5, 2025

**VIA ECF; COURTESY COPY VIA EMAIL**

Hon. Naomi Reice Buchwald
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:    *Chung v. Trump*, No. 25-cv-02412, Request to Unseal Search Warrant Materials

Dear Judge Buchwald:

I write on behalf of The New York Times Company to join in The Intercept's letter (ECF No. 43) in the above-referenced case requesting the immediate public release of certain search warrant materials. The materials are more particularly described in the Plaintiff's letter-motion to unseal dated April 4, 2025 (ECF No. 26).

For the reasons set forth by The Intercept, the common-law right of access to judicial records requires that these materials be made available to the press and public. I write briefly to highlight two additional points:

First, the right of public access to search warrant materials stems not only from the common law but also from the First Amendment. *See, e.g.*, *In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 575 (8th Cir. 1988) (holding that "the qualified first amendment right of public access extends to the documents filed in support of search warrants"); *In re Application of N.Y. Times Co. for Access to Certain Sealed Ct. Recs.*, 585 F. Supp. 2d 83, 94 (D.D.C. 2008) (granting access to sealed search warrants, warrant applications, and supporting materials under the First Amendment). Under either, the right is a contemporaneous one, and the Second Circuit has "emphasize[d] the importance of immediate access where a right to access is found." *Lugosch v. Pyramid*

*Co.*, 435 F.3d 110, 126 (2d Cir. 2006). The importance of immediate access here is further underscored by the substantial public interest in the government's ongoing efforts to deport Plaintiff and other foreign-national students.[1]

Second, although the government has indicated that it does not oppose unsealing, its position that "the application to unseal should be made to the Magistrate Judge who issued the warrant" rather than to this Court is incorrect. ECF No. 26 at 1 n.3. Other courts in this district facing similar unsealing motions have simply ordered the government to post the requested documents on the public docket. *See, e.g.*, *United States v. Adams*, No. 24-cr-556, 2025 U.S. Dist. LEXIS 79178, at *6 (S.D.N.Y. Apr. 25, 2025) (unsealing search warrant materials by ordering government to file them on public docket). We respectfully ask this Court to do the same.

We thank the Court for its consideration.

Respectfully submitted,

Tim Tai

cc: Counsel of Record (via ECF)

---

[1] *See, e.g.*, Santul Nerkar & Jonah Bromwich, *Judge Orders U.S. to Stop Attempts to Deport Columbia Undergraduate*, N.Y. Times (Mar. 25, 2025), https://www.nytimes.com/2025/03/25/nyregion/columbia-university-protester-chung-deportation.html; Shawn Musgrave, *ICE Got Warrants Under "False Pretenses," Claims Columbia Student Targeted Over Gaza Protests*, The Intercept (Mar. 28, 2025), https://theintercept.com/2025/03/28/ice-warrants-columbia-students-gaza-protests/; Yoav Gonen, *Feds Confirm Student Yunseo Chung Was Targeted by Sec. of State Rubio*, The City (Apr. 14, 2025), https://www.thecity.nyc/2025/04/14/yunseo-chung-marco-rubio-columbia-deportation-mahmoud-khalil-mohsen-mahdawi/.