UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                 :

CHUNG v. TRUMP                :     No. 25-CV-2412 (NRB)
                                 :

------------------------------------------------------X

       Whereas on May 7, 2025, the Government informed the undersigned by letter that, in connection with the above-captioned civil litigation, the District Judge directed the Government to apply to the undersigned to unseal the application for the search and seizure warrants issued under 25-Mag-872 (the "Application"); and

       Whereas the Government requests that the Application be unsealed; and

       Whereas in its letter the Government represents that "[t]he original reasons for sealing the Application for the search and seizure warrants no longer exist"; and

       The undersigned approves unsealing of the Application, subject to redaction of information to protect privacy of parties and third-parties; and, with the instant order attaches the unsealed Application so redacted.

       A copy of this order will also be filed in 25-Mag-872.

                     SO ORDERED,

                     _____
                     ROBERT W. LEHRBURGER
                     UNITED STATES MAGISTRATE JUDGE

Dated:  May 14, 2025
        New York, New York

Copies transmitted to all counsel of record.

1

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

<table>
<tr><td>In the Matter of the Search of<br><br><i>(Briefly describe the property to be searched<br>or identify the person by name and address)</i><br>(1) ▇ WEST ▇ STREET APT. ▇ NEW YORK, NEW<br>YORK 10027; and<br>(2) ▇ WEST ▇ STREET, ROOM ▇ NEW YORK, NEW<br>YORK 10025</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td>Case No.      <b># 25 MAG 872</b></td></tr>
</table>

## APPLICATION FOR A SEARCH AND SEIZURE WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*
(1) ▇ WEST ▇ STREET APT. ▇ NEW YORK, NEW YORK 10027; and (2) ▇ WEST ▇ STREET, ROOM ▇ NEW YORK, NEW YORK 10025

located in the _____Southern_____ District of _____New York_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attached Affidavit and its Exhibits

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

    X evidence of a crime;

    X contraband, fruits of crime, or other items illegally possessed;

    X property designed for use, intended for use, or used in committing a crime;

    ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section(s) | Offense Description(s) |
|---|---|
| 8 USC 1324 | Harboring aliens |

The application is based on these facts:

See Attached Affidavit and its Exhibits

    ☑ Continued on the attached sheet.

    ☐ Delayed notice of _30_ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

S/ by the Court with permission
_____
*Applicant's signature*

George Ioannidis, ASAC, HSI
_____
*Printed name and title*

Sworn to before me and signed in my presence by telephone.

Date: _____03/13/2025_____                    _____
                                           *Judge's signature*

City and state:   New York, NY                    Hon. Robert W. Lehrbruger, U.S.M.J.
                                                *Printed name and title*

| Print | Save As... | Attach | Reset |
|---|---|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Search Of | **AGENT AFFIDAVIT** |
| (1) ██ WEST ██ STREET APT. ██, NEW YORK, NEW YORK 10027; and | |
| (2) ██ WEST ██ STREET, ROOM ██, NEW YORK, NEW YORK 10025 | _____**Mag.**_____ |

**AFFIDAVIT IN SUPPORT OF THE APPLICATION FOR SEARCH WARRANTS**

The undersigned being duly sworn deposes and says under penalty of perjury pursuant to 28 U.S.C. § 1746:

## I.    Introduction

1.      I am a Special Agent with Homeland Security Investigations ("HSI") and have been since 2009. As such, I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to request a search warrant. My duties include conducting/assisting/supervising investigations into violations of federal immigration and customs laws. As part of my employment with HSI, I successfully completed the Federal Law Enforcement Training Center's Criminal Investigator Training Program and Special Agent Training, both of which included instruction with respect to the application for, and execution of, search and arrest warrants, as well as the application for criminal complaints and other legal processes. I have participated in numerous investigations, during the course of which I have interviewed suspects and witnesses, executed court-authorized arrest and search warrants, including warrants for certain information sought herein, along with the derivative administrative arrest of individuals for violations of the

1

Immigration and Nationality Act. I am familiar with the facts and circumstances set forth below from my participation in the investigation, discussions with other law enforcement officials, my review of documents and my training and experience.

2.      I make this affidavit in support of the application for a warrant authorizing the search of the following residences:

    a.       █████ WEST █████ STREET, APT. █, NEW YORK, NEW YORK 10027 ("SUBJECT PREMISES-1") (a photograph of the building in which the premises is located is attached as Ex. A-1), and

    b.       █████ WEST █████ STREET, ROOM █, NEW YORK, NEW YORK 10025 ("SUBJECT PREMISES-2" (a photograph of the building in which the premises is located is attached as Ex. A-2), together with SUBJECT PREMISES-1, the "SUBJECT PREMISES").

3.      Through this affidavit, I intend to show that probable cause exists for the requested warrant—that is, that there is probable cause to believe that SUBJECT PREMISES-1 is the residence of RANJANI SRINIVASAN, a person subject to immigration officers' powers to arrest under 8 U.S.C. § 1357(a)(2), and that there is probable cause to believe that the evidence sought is likely to be found there. DHS agents confirmed that on March 11, 2025, SRINIVASAN departed the United States via LaGuardia airport to Montreal, Canada. At this time her whereabouts are unknown. I further submit that that there is probable cause to believe that SUBJECT PREMISES-2 is the residence of YUNSEO CHUNG, a person subject to immigration officers' powers to arrest under 8 U.S.C. § 1357(a)(2), and that there is probable cause to believe that the person and other evidence sought is likely to be found there.

4.      I further submit, based on the information contained in this affidavit, that located in the SUBJECT PREMISES are evidence, fruits, and instrumentalities of violations

2

of 8 U.S.C. § 1324 (the "SUBJECT OFFENSE"). As explained below, the SUBJECT

PREMISES, located within the Southern District of New York constitute Columbia

University student housing, in that the persons residing in these locations are affiliated with

Columbia University, including students and resident advisors. I have received confirmation

from federal immigration authorities that YUNSEO CHUNG is now present in the United

States, that YUNSEO CHUNG, is subject to removal, and that RANJANI SRINIVASAN was

subject to removal. As explained below, Columbia University has been advised by

immigration authorities that YUNSEO CHUNG is now present in the United States and that

RANJANI SRINIVASAN was a removable alien and YUNSEO CHUNG is a removable

alien. Despite this knowledge, Columbia University has refused, and continues to refuse, to

permit immigration officers to locate and arrest RANJANI SRINIVASAN and YUNSEO

CHUNG at their student housing and were and are thus concealing, harboring, or shielding

from detection removable aliens, RANJANI SRINIVASAN and YUNSEO CHUNG, or are

conspiring to do so.

## II.    Applicable Law

5.       The Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, was passed by

Congress as a means to restrict illegal immigration into the United States. Pursuant to 8 U.S.C.

§ 1357(a), immigration officers have the authority:

       a.       to interrogate any alien or person believed to be an alien as to his right

          to be or to remain in the United States;

       b.       to arrest any alien who in his presence or view is entering or attempting

          to enter the United States in violation of any law or regulation made in

          pursuance of law regulating the admission, exclusion, expulsion, or

          removal of aliens, or to arrest any alien in the United States, if he

3

> hasreason to believe that the alien so arrested is in the United States in
> violation of any such law or regulation and is likely to escape before a warrant
> can be obtained for his arrest, but the alien arrested shall be taken without
> unnecessary delay for examination before an officer of the Service having
> authority to examine aliens as to their right to enter or remain in the United
> States . . . .

6.    These enforcement powers reflect Congress's recognition of the substantial governmental interest in enforcing immigration laws—an interest the importance of which the Supreme Court has repeatedly affirmed. *See United States v. Martinez-Fuerte*, 428 U.S. 543, 556– 58 (1976); *United States v. Brignoni-Ponce*, 422 U.S. 873, 878–79 (1975).

7.    Pursuant to Title 8, United States Code, Section 1324(a)(1)(A)(iii) and (v)(I) and (II) it is a crime, including to conspire to, or aid and abet another, to knowingly or in reckless disregard of the fact that an alien has come to, entered, or remains in the United States in violation of law, conceal, harbor, or shield from detection, or attempt to conceal, harbor, or shield from detection, such alien in any place, including any building or any means of transportation.

## III.    FACTS ESTABLISHING PROBABLE CAUSE

8.    Based on my review of records and reports, I have learned the following, in substance and in part, as to RANJANI SRINIVASAN and SUBJECT PREMISES-1:

> a.    RANJANI SRINIVASAN, a citizen of India, entered the United States
> on an F-1 visa to pursue studies.  This visa is a non-immigrant visa that
> issued by the U.S. Department of State that allows international
> students to study full-time in the United States.

b.     On or about March 5, 2025, SRINIVASAN's F-1 visa was revoked by
the State Department, pursuant to 8 U.S.C. § 1201 (i). The Secretary
of State has revoked her visa "immediately" rendering her not in
possession of any documents to remain in the United States legally.
The removability charge (8 U.S.C.§ 1227(a)(1)(B)) is analogous to an
individual overstaying the time limit of their visa admission. At this point,
SRINIVASAN is subject to being administratively arrested, and, if arrested,
will be issued a Notice to Appear before the Executive Office for Immigration
Review immigration judge, and subject to the removal process as prescribed
by statute and applicable regulations.

c.     On or about March 8, 2025, an authorized Immigration Officer signed
a warrant determining that there is probable cause to believe that
SRINIVASAN is removable from the United States based on biometric
confirmation of SRINIVASAN's identity and a record check of federal
databases that affirmatively indicate, by themselves or in addition to
other reliable information, that SRINIVASAN either lacks
immigration status or notwithstanding such status is removable under
U.S. immigration law. *See* Exhibit B.

d.     According to the Student and Exchange Visitor Information System
(SEVIS) application records and other databases, as of March 7, 2025,
SRINIVASAN resides at ▆ WEST ▆ STREET APT. ▆, NEW
YORK, NEW YORK 10027 (*i.e.*, SUBJECT PREMISES-1). The
Department of Homeland Security (DHS) administers the SEVIS,
which ensures that government agencies have essential data related to

nonimmigrant students. SEVIS is a web-based system for maintaining information on nonimmigrant students in the United States. SEVIS implements Section 641 of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, which requires DHS to collect current information from nonimmigrant students continually during their course of stay in the United States. The current information from SEVIS indicated that SRINIVASAN resides at PREMISES-1.

e.    In addition to the information obtained from SEVIS, SRINIVASAN's address was corroborated on or about March 7, 2025, when HSI agents and an Enforcement and Removal Operations officer visited SUBJECT PREMISES-1. The doorman at the building confirmed SRINIVASAN lived in the building after being shown her photo. When agents knocked on the door of Apartment █, an unidentified female responded, with an accent that agents recognized as from India. The unidentified female would not open the door without a warrant and subsequently locked the deadbolt. The female refused to identify herself or confirm if SRINIVASAN was present.

9.    Based on the foregoing information, there is probable cause to believe SRINIVASAN was subject to immigration enforcement action under 8 U.S.C. § 1357(a)(2) due to her revoked F-1 visa.

10.    Additionally, based on the foregoing, there is probable cause to believe that SRINIVASAN was located at SUBJECT PREMISES-1.

11.    Based on my review of records and reports as well as information provided by

6

individuals with direct knowledge, I have learned the following, in substance and in part, as to YUNSEO CHUNG and SUBJECT PREMISES-2:

a.  YUNSEO CHUNG, a citizen of South Korea, entered the United States on or about June 23, 2009, on an F-2 Visa—a dependent visa that allows the spouse and minor children of an F-1 visa holder (that is, a nonimmigrant student who is studying in the United States at an accredited college) to enter the United States.

b.  On or about June 18, 2020, CHUNG requested Legal Permanent Resident Status.

c.  On or about August 27, 2021, CHUNG was issued a Legal Permanent Resident card.

d.  On or about February 21, 2025, CHUNG applied to replace her Legal Permanent Resident card.

e.  On or about March 5, 2025, CHUNG was arrested by the New York City Police Department for Obstruction of Governmental Administration 2nd Degree, Disorderly Conduct (Refusing to Move On), and Trespass. These charges stemmed from an incident in which, on or about March 5, 2025, CHUNG allegedly refused to leave an area that police were attempting to clear due to a bomb threat investigation. According to arrest records, CHUNG obstructed police activity by locking arms with other individuals and refusing to comply with multiple warnings to leave the area.

f.  According to information provided by CHUNG at the time of her arrest

and later, CHUNG is a ███████ junior at Columbia University, currently residing at ██ WEST ███ STREET, ROOM █, NEW YORK, NEW YORK 10025, in ████████ (Columbia University housing), *i.e.*, SUBJECT PREMISES-2.

g.  On or about March 7, 2025, U.S. Secretary of State Marco Rubio determined that CHUNG is a deportable alien under Section 237(a)(4)(C) of the Immigration and Nationality Act, finding that her presence and activities would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. Title 8 U.S.C. Section 1227(a)(4)(C))(i) provides, "An alien whose presence or activities in the United States the Secretary of State has reasonable ground to believe would have potentially serious adverse foreign policy consequences for the United States is deportable." This makes CHUNG subject to being administrative arrested and, if arrested, will be issued a Notice to Appear before an immigration judge for removal proceedings as prescribed by statute and applicable regulations. There is a ten-day window for subjects detained in the New York area to appear before the immigration judge.

h.  On or about March 8, 2025, an authorized Immigration Officer signed a warrant determining that there is probable cause to believe that CHUNG is removable from the United States based on biometric confirmation of the subject's identity and a record check of federal

8

databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.[1] *See* Exhibit B.

12. On March 8, 2025, the Department of Justice forwarded by email to a representative of Columbia University, the immigration warrants referenced above. On March 9, 2025, the government requested access to the SUBJECT PREMISES so that the immigration warrants could be executed. Columbia University's policies available on its website permit the university to access and inspect student dorm rooms at any time based upon public safety concerns. In addition, the Columbia University website also contains a policy refusing immigration officials from entering dormitories to serve administrative warrants. The passage of time could allow more students to become aware of the immigration warrants and therefore create an unstable and dangerous situation for both students and law enforcement officers. As of March 12, HSI-NY has been advised by Columbia University that University security officials have been instructed not to speak to ICE Agents. In addition, HIS-NY was advised by University officials and confirmed that they would not permit our access, consistent with Columbia University policy, without a judicial warrant.

13. In addition, on March 10, 2025, the Department of Justice issued a subpoena to Columbia University (served on its outside counsel) requiring immediate production of certain records and communications. Columbia University has not yet complied, although it

---

[1] "The term "alien" means any person not a citizen or national of the United States." 8 U.S.C. § 1101(a)(3).

has stated that it has collected the documents the subpoena seeks and intends to cooperate. However, it has not produced the documents due to its concerns pursuant to provisions of the Family Educational Rights and Privacy Act of 1974 ("FERPA").

14.     Accordingly, I submit that there is probable cause to believe that evidence, fruits and instrumentalities of the SUBJECT OFFENSE is located in the SUBJECT PREMISES. Among other things, if law enforcement encounters CHUNG in SUBJECT PREMISES-2, respectively, that may be evidence of Columbia University's violation of the SUBJECT OFFENSE.

15.     In addition, I understand that on March 10, 2025, two attorneys indicating they represent CHUNG contacted the Department of Justice. At that time, the Department of Justice advised that CHUNG should surrender herself as soon as possible. CHUNG's attorney did not agree to surrender their client, despite valid warrants.

16.     I am not aware of CHUNG having left the SUBJECT PREMISES. I am aware that in the last year, there have been numerous student protests in the areas nearby the SUBJECT PREMISES, and that at least one resulted in an assault. The longer CHUNG remains on the SUBJECT PREMISES, the more likely it is that she may surround themselves with others who will likely impede or obstruct law enforcement operations and potentially engage in violence. The more publicity they receive could result in additional protest activity, leading to a more dangerous situation for students and law enforcement officers. Indeed, I have been advised that, as of March 11, 2025, there was protest activity in the area of SRINIVASAN's location, thus making any search for, or arrest of SRINIVASAN dangerous for both law enforcement agents and for SRINIVASAN. Further, on March 12, I was notified that during these protests on the afternoon of March 11, SRINIVASAN, departed the

SUBJECT PREMISES undetected, traveled to LaGuardia Airport, and boarded a flight to Montreal, Canada.  Airport camera footage shows SRINIVASAN departed with only one bag.

17.     Accordingly, I submit that there is potential threat to public safety, as well as exigent circumstances that further supports the issuance of the requested warrants.

**IV. The Evidence Sought**

18.     The evidence, fruits, and instrumentalities sought at the premises are the following:

All evidence, fruits, and instrumentalities of violations of 8 U.S.C. § 1324 (the "SUBJECT OFFENSE") located within SUBJECT PREMISES-1 and SUBJECT PREMISES-2 (together, the "SUBJECT PREMISES"), occurring from March 5, 2025 to the present, which includes:

1. Any records relating to RANJANI SRINIVASAN and YUNSEO CHUNG and their affiliation with Columbia University, including but not limited to all communications, including email and letter communications, between Columbia University and RANJANI SRINIVASAN and YUNSEO CHUNG and all residential lease agreements or student occupancy agreements or codes of conduct relating to RANJANI SRINIVASAN and YUNSEO CHUNG occurring from March 5, 2025 to the present.

2. Any immigration records relating to RANJANI SRINIVASAN and YUNSEO CHUNG occurring from March 5, 2025 to the present.

3. Any flight or travel records relating to RANJANI SRINIVASAN and YUNSEO CHUNG occurring from March 5, 2025 to the present.

I submit that these records are likely to be at SUBJECT PREMISES-1 and SUBJECT

PREMISES-2 because SRINIVASAN and CHUNG were residing there while students at Columbia University and would likely have received email and letter communications through their computers and student mailboxes from the university, including regarding their immigration status; they would have also likely received immigration records via email and student mailboxes and would likely have stored proof of F-1 visa and Legal Permanent Resident status at their residence; and they would likely have flight or travel records for planned departure at their residence.

### V. Sealing

19.     Because the sensitive nature of this immigration enforcement operation, I respectfully request that this affidavit and all papers submitted herewith be maintained under seal until execution of the warrant, except that the Government be permitted without further order of this Court to provide copies of the warrant and affidavit as need be to personnel assisting it in the investigation and enforcement of this matter, and to disclose those materials as necessary to comply with any legal obligations in proceedings related to this matter.

S/ by the Court with permission
_____
George Ioannidis
Assistant Special Agent in Charge
ICE Homeland Security Investigations

Sworn to me through the transmission of this
Affidavit by reliable electronic means, this
13th____ day of March 2025

_____
THE HONORABLE ROBERT W. LEHRBURGER
United States Magistrate Judge
Southern District of New York

**EXHIBIT A-1**

The property to be searched is the premises known and described as ▮ WEST ▮

STREET, APT. ▮, NEW YORK, NEW YORK 10027 ("SUBJECT PREMISES-1"), which is an apartment

located on the ▮ Floor of ▮ West ▮ Street, New York, New York. A publicly available photo of ▮

West ▮ Street, New York, New York, is below:



## **EXHIBIT A-2**

The property to be searched is the premises known and described as ▮ WEST ▮ STREET, ROOM ▮, NEW YORK, NEW YORK 10025 ("SUBJECT PREMISES-2"), which is an apartment located on the ▮ Floor of ▮ WEST ▮ STREET, New York, New York. A publicly available photo of ▮ WEST ▮ STREET, New York, New York, is bel



Exhibit B

**U.S. DEPARTMENT OF HOMELAND SECURITY**     **Warrant for Arrest of Alien**

File No. ██████████

Date: March 08, 2025

**To:**     **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that   CHUNG, Yunseo
is removable from the United States.  This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

WILLIAM P JOYCE   Digitally signed by WILLIAM P JOYCE
DN: cn=WILLIAM P JOYCE, o=U.S. Government, ou=People, email=William.P.Joyce@ice.dhs.gov, l=US
Date: 2025-03-08T20.40.30-0500

(Signature of Authorized Immigration Officer)

WILLIAM JOYCE - Acting Field Office Director
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____
(Location)

on _____ on _____, and the contents of this
(Name of Alien)                              (Date of Service)

notice were read to him or her in the _____ language.
(Language)

_____        _____
Name and Signature of Officer                    Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

**U.S. DEPARTMENT OF HOMELAND SECURITY**     **Warrant for Arrest of Alien**

File No. _____

Date: ___ **03/08/2025** ___

**To:**   **Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations**

I have determined that there is probable cause to believe that   **SRINIVASAN, RANJANI** is removable from the United States. This determination is based upon:

☐ the execution of a charging document to initiate removal proceedings against the subject;

☐ the pendency of ongoing removal proceedings against the subject;

☐ the failure to establish admissibility subsequent to deferred inspection;

☑ biometric confirmation of the subject's identity and a records check of federal databases that affirmatively indicate, by themselves or in addition to other reliable information, that the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law; and/or

☐ statements made voluntarily by the subject to an immigration officer and/or other reliable evidence that affirmatively indicate the subject either lacks immigration status or notwithstanding such status is removable under U.S. immigration law.

**YOU ARE COMMANDED** to arrest and take into custody for removal proceedings under the Immigration and Nationality Act, the above-named alien.

WILLIAM P JOYCE

Digitally signed by WILLIAM P JOYCE
DN: cn=WILLIAM P JOYCE, o=U.S.
Government, ou=People,
email=William.P.Joyce@ice.dhs.gov, c=US
Date: 2025-03-08T16:39:56-0500

_____
(Signature of Authorized Immigration Officer)

**WILLIAM JOYCE - Acting Field Office Director**
_____
(Printed Name and Title of Authorized Immigration Officer)

---

**Certificate of Service**

I hereby certify that the Warrant for Arrest of Alien was served by me at _____
                                                                            (Location)

on   **SRINIVASAN, RANJANI**   on _____, and the contents of this
         (Name of Alien)              (Date of Service)

notice were read to him or her in the _____ language.
                                            (Language)

_____        _____
Name and Signature of Officer            Name or Number of Interpreter (if applicable)

Form I-200 (Rev. 09/16)

THE SECRETARY OF STATE
WASHINGTON

<u>SENSITIVE BUT UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE</u>

MEMORANDUM FOR THE SECRETARY OF HOMELAND SECURITY

FROM:     Marco Rubio

SUBJECT:    (SBU) Notification of Removability Determinations under Section 237(a)(4)(C) of the Immigration and Nationality Act (INA)

(SBU) I am writing to inform you that upon notification from the Department of Homeland Security's Homeland Security Investigations (DHS/ICE/HSI) on March 7, 2025, I have determined that Yunseo Chung [redacted], POB: South Korea) and Mahmoud Khalil [redacted]; POB: Algeria), both U.S. Lawful Permanent Residents (LPRs), are deportable aliens under INA section 237(a)(4)(C). I understand that ICE now intends to initiate removal charges against them, based on assurances from DHS/ICE/HSI.

(SBU) Under INA section 237(a)(4)(C)(i), an alien is deportable from the United States if the Secretary of State has reasonable ground to believe that the alien's presence or activities in the United States would have potentially serious adverse foreign policy consequences for the United States. Under INA section 237(a)(4)(C)(ii), for cases in which the basis for this determination is the alien's past, current, or expected beliefs, statements, or associations that are otherwise lawful, the Secretary of State must personally determine that the alien's presence or activities would compromise a compelling U.S. foreign policy interest.

(SBU) Pursuant to these authorities, I have determined that the activities and presence of these aliens in the United States would have potentially serious adverse foreign policy consequences and would compromise a compelling U.S. foreign policy interest. These determinations are based on

SENSITIVE BUT UNCLASSIFIED//LAW ENFORCEMENT SENSITIVE
Classified by: Secretary of State Marco Rubio
E.O. 13526, Reason(s): 1.4 (justification sections)
Declassify on: Month DD, YYYY

information provided by the DHS/ICE/HSI regarding the participation and roles of Chung and Khalil in antisemitic protests and disruptive activities, which fosters a hostile environment for Jewish students in the United States. My determination for Yunseo is also based on her citations for unlawful activity during these protests. The public actions and continued presence of Chung and Khalil in the United States undermine U.S. policy to combat anti-Semitism around the world and in the United States, in addition to efforts to protect Jewish students from harassment and violence in the United States. Consistent with E.O. 14150, America First Policy Directive to the Secretary of State, the foreign policy of the United States champions core American interests and American citizens and condoning anti-Semitic conduct and disruptive protests in the United States would severely undermine that significant foreign policy objective.

**Attachments**
Tab 1 – DHS Letter on Yunseo Chung
Tab 2 – HSI Subject Profile of Yunseo Chung
Tab 3 – DHS Letter on Mahmoud Khalil
Tab 5 – HSI Subject Profile of Mahmoud Khalil
Tab 5 – 8 USC 1227(a)(4)(C)



United States Department of State

Washington, DC 20520

<u>SENSITIVE BUT UNCLASSIFIED</u>                    March 4, 2025

## Memo for ICE – Andre R. Watson, Assistant Director, National Security Division

FROM:        CA – John L. Armstrong, Senior Bureau Official

SUBJECT:     (SBU) Revocation of Visa – Ranjani SRINIVASAN

(SBU) On March 5, 2025, in response to a request from ICE, and based on the understanding ICE will terminate her SEVIS status, I approved the revocation of the visa of Ranjani SRINIVASAN, ███████████████, India, Visa Foil # ██████████

(SBU) Subsequent to my approval, the visa was revoked pursuant to the Secretary of State's delegated authority under INA section 221(i). This revocation is effective immediately.

John L. Armstrong
Senior Bureau Official
Bureau of Consular Affairs