*Via ECF*                                                                                                  June 27, 2025

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

    Re:    *Chung v. Trump et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

    The undersigned represent Plaintiff-Petitioner Yunseo Chung. We write in furtherance of the Court's directive on June 5, 2025, that the parties confer regarding next steps in this case and provide a proposal to the Court as to further proceedings. Although Ms. Chung has attempted to confer with the government as to a schedule for discovery, as of this filing, the government has taken no position and has not responded to Ms. Chung's request for a date certain by which it will provide its position. The government is still considering next steps, including whether to file an appeal (a decision that is made by the Solicitor General), and believes it would be appropriate to await a determination before the Court sets next steps.

    Ms. Chung proposes the following schedule for discovery, with the understanding that discovery disputes between the parties may affect timing:

- From the date the Court approves this discovery schedule, the parties shall exchange initial disclosures within 14 days. By the date that the parties exchange initial disclosures, the parties shall submit a proposed protective order for the Court's signature, or competing proposed protective orders if necessary.

- The parties shall exchange their first requests for production and interrogatories within 21 days of the date of the parties' initial disclosure exchange. By the date that the parties exchange their first requests for production and interrogatories, the parties shall submit a joint ESI protocol, or competing ESI protocols if necessary.

- The parties shall respond to each other's written discovery requests within 30 days of those requests' issuance.

- All production of documents and responses to interrogatories shall be completed 3 months from the date that the Court approves this discovery schedule.

- Factual discovery, including depositions, will be completed 6 months from the date the Court approves this discovery schedule.

    Ms. Chung anticipates requesting, in the first instance, the documents identified in her previous request for expedited discovery made on April 10, 2025, *see* ECF No. 30, and, to the extent not covered by that request, any documents, deposition recordings and transcripts, and other materials produced in discovery in *American Association of University Professors v. Rubio* (*"AAUP"*), Case No. 25-cv-10685 (D. Mass.). In that case, as here, the plaintiffs seek declaratory

EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
Page 2

and injunctive relief as to the government's "ideological-deportation policy," through which it "intend[s] to carry out large-scale arrests, detentions, and deportations of noncitizen students and faculty who participate in pro-Palestinian protests and other related expression and association." *AAUP*, ECF No. 1 (Compl.) ¶ 30 (D. Mass. Mar. 25, 2025). Any materials produced during discovery in *AAUP* will bear on Ms. Chung's claims, and the burden of production will be minimal.

Ms. Chung may seek to take depositions, to take place after document discovery concludes and after Ms. Chung has a stronger sense of which government witnesses will be best equipped to respond to her questions. The depositions may be refined in scope and duration depending on what deposition testimony is elicited during discovery in *AAUP* so as to avoid duplicating work and making unnecessary demands on witnesses' time.

We respectfully ask that the Court approve Ms. Chung's proposed schedule for discovery or, in the alternative, if the Court finds so appropriate, schedule an initial conference to discuss our proposal and set a schedule at that time.

Thank you for your consideration of this request.

Respectfully submitted,

*CLEAR Project, Main Street Legal Services, Inc.*
  Naz Ahmad
  Ramzi Kassem
  Tarek Z. Ismail
  Mudassar Hayat Toppa

*Emery Celli Brinckerhoff Abady Ward & Maazel LLP*
  Jonathan S. Abady
  Katherine Rosenfeld
  Sonya Levitova

*Human Rights First*
  Joshua Colangelo-Bryan

Jonathan Hafetz, Esq.

*Law Office of Matthew Bray*
  Nathan Yaffe

*Lawyers' Committee for Civil Rights of the San Francisco Bay Area*
  Jordan Wells

*Attorneys for Plaintiff-Petitioner*

cc:   All Counsel of Record (via ECF)