*Via ECF*                                                                                                       August 4, 2025

Hon. Naomi Reice Buchwald
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., New York, NY 10007-1312

      Re:    *Chung v. Trump et al.*, No. 25-cv-2412 (NRB)

Dear Judge Buchwald:

      The undersigned represent Plaintiff-Petitioner Yunseo Chung. We write in the wake of the Court's endorsed letter of July 18, 2025, ECF 64, and to advise the Court of the scheduling notification so-ordered by the U.S. Court of Appeals for the Second Circuit on July 30, 2025. We respectfully renew the request for a conference regarding Ms. Chung's contemplated motion for discovery. *See* ECF 60, 63. Ample authority demonstrates that this Court has jurisdiction to continue these proceedings, notwithstanding the government's pending appeal of the preliminary injunction. Moreover, delaying discovery until the conclusion of the pending appeal compounds the ongoing reputational, occupational, and speech-related harms caused by Secretary of State Marco Rubio's determination that Ms. Chung's lawful, past, current, or expected beliefs, statements, or associations would compromise a compelling U.S. policy interest (the "Rubio Determination"), pursuant to the policy of retaliating against noncitizens for certain protests (the "Policy"), by further delaying ultimate resolution of Ms. Chung's underlying claims.

      Second Circuit authority establishes an exception to the rule set forth in *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (addressing trial court's jurisdiction following appeal from *judgment*), where, as here, the appeal lies from a *preliminary injunction*. In this context, the Court retains jurisdiction with respect to merits-related issues, including discovery. *See, e.g.*, *Webb v. GAF Corp.*, 78 F.3d 53, 55 (2d Cir. 1996) ("Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over issues decided in the order being appealed, jurisdiction is retained where, as here, the appeal is from an order granting or denying a preliminary injunction."); *N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1349–50 (2d Cir. 1989) ("Congress permits . . . an immediate appeal from an interlocutory order that either grants or denies a preliminary injunction. In such case the matter does not leave the district court, but proceeds there on the merits, unless otherwise ordered."); *see also Society for Animal Rights, Inc. v. Schlesinger*, 512 F.2d 915, 918 (D.C. Cir. 1975) ("We assume that the case will proceed forward expeditiously in the district court despite the pendency of the § 1292(a) appeal in this court."); *United States v. Lynd*, 321 F.2d 26, 28 (5th Cir. 1963) (citing "general proposition that an appeal from the denial or granting of a preliminary injunction should not ordinarily delay the final trial of the case on its merits").[1]

---

[1] Either this Court or the Second Circuit could enter an order staying further proceedings pending resolution of the appeal of the preliminary injunction. But the Second Circuit has not entered such an order, nor has the government sought one here as of yet, *see* ECF 62, and this Court has already denied a stay of the preliminary injunction pending appeal. June 5, 2025 Hearing Tr. 31:24-32:15. Further, the noticing of an appeal from a preliminary injunction does not automatically stay proceedings.

We are aware of no circuit authority finding district court jurisdiction divested by an appeal from a preliminary injunction simply because the appeal raises jurisdictional issues, and ample authority that the district court retains jurisdiction to proceed. *See, e.g.*, *Carlough v. Amchem Prods., Inc.*, 10 F.3d 189, 197–98 & n.5 (3d Cir. 1993) (approving and relying on district court's resolution of challenges to subject matter jurisdiction in orders "entered subsequent both to the issuance of the preliminary injunction and to the appeal taken from that injunction"); *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (applying rule that "an appeal from an interlocutory order does not stay the proceedings, as it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," in context of interlocutory appeal that implicated subject-matter jurisdiction); *Ray v. Abbott*, 261 F. App'x 716, 717–18 & n.1 (5th Cir. 2008) (opining that "delay in proceeding to trial is regrettable" because "[n]either the appeal from the preliminary injunction, nor our order staying it, stayed proceedings in district court" notwithstanding that defendants "challenge[d] whether Plaintiffs have standing"). *Cf. Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 53–54 (2d Cir. 2004) (upholding district court jurisdiction to proceed to trial despite appeal from order denying motion to compel arbitration, which, if successful, would terminate district court proceedings).[2] These settled precedents establish that the district court can proceed notwithstanding the pending appeal.

Consistent with the foregoing, district court proceedings in similar cases have continued contemporaneously with appeals from orders granting preliminary relief—including appeals challenging subject matter jurisdiction. *See, e.g.*, *Öztürk v. Hyde*, No. 25-cv-374 (D. Vt.), ECF 139 (ordering briefing on discovery during appeal); *Khalil v. Trump*, 25-cv-1963 (D.N.J.), ECF 200–230, 322–370 (proceedings held during pendency of appeals challenging jurisdiction); *Mahdawi v. Trump*, No. 25-cv-389 (D. Vt.), ECF 77, 78, 80 (briefing on discovery during appeal). *But see id.* at ECF 81 (discretionarily deferring adjudication of motion for discovery until resolution of appeal heard on expedited basis). Notably, although the government has opposed proceeding with discovery during the pendency of appeals in similar cases, it has not argued that the mere pendency of the appeal per force deprives the district court of jurisdiction to proceed. *See Öztürk*, ECF 155; *Mahdawi*, ECF 78. The government has not taken that position in this case, either. *See* ECF 62. For the foregoing reasons, we believe that this Court retains jurisdiction to conduct discovery.

Further, staying this case pending resolution of the appeal would indefinitely prolong an ongoing harm in the form of chilling Ms. Chung's speech and inflicting reputational and occupational harms as a result of the still-operative Rubio Determination and application of the challenged Policy to her. As to speech, the Supreme Court has held that chilling constitutes irreparable harm necessitating immediate relief. *See, e.g.*, *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion); *Riley v. Nat'l Fed'n of the Blind of N.C., Inc.*, 487 U.S. 781, 794 (1988). This authority is fully applicable here. Indeed, in *Khalil v. Trump*, the district court found that "the Secretary of State's determination"—the very same document which contains the Rubio Determination at issue in this case, naming both Ms. Chung and Mahmoud Khalil—"chills [] speech," such that "even if the Petitioner were not detained . . . the Secretary's determination would deter him from speaking." No. 25-cv-1963, 2025 WL 1649197, at *5 n.11 (D.N.J. June 11, 2025).

---

[2] The sole recognized exception, inapplicable here, is that the district court lacks jurisdiction to modify or alter the preliminary injunction under appeal. *New York v. U.S. Dep't of Homeland Sec.*, 974 F.3d 210, 215–16 (2d Cir. 2020).

2

The district court in *Khalil* further found that the Rubio Determination and application of the Policy caused irreparable reputational and occupational harms, *id.* at *2–5; *Khalil v. Trump*, No. 25-cv-01963, 2025 WL 1983755, at *2 (D.N.J. July 17, 2025) ("Reputational harm" and "[p]rofessional harm" "can count as irreparable injury, and the Court finds as a factual matter that they do here.") That rationale is fully applicable to Ms. Chung, a rising senior at Columbia who has pursued legal internships and who will be seeking employment or admission to law school in the next year. The reputational, occupational, and speech harms of the Rubio Determination—which absurdly labels her a foreign policy concern, exposes her to the threat of removal, and has not been withdrawn nor enjoined in its operation as to her—are of paramount concern.

This concern is particularly acute here, where the appeal will proceed on an ordinary schedule, with the government's opening brief due on October 24, 2025, such that the matter will likely not be submitted to a merits panel until spring of 2026. *Compare Chung v. Trump*, No. 25-1660 (2d Cir.), ECF 29-1, *with Khalil v. Joyce*, 25-cv-1963 (D.N.J.), ECF 370 (setting expedited briefing schedule to be completed by September 24 and argument to be held no later than October 23 on appeal taken from June 20 and July 17 orders). Thus, if this Court opted to wait, even if Ms. Chung prevailed on appeal, her district court case likely would not proceed until 2027, or perhaps later if the government seeks *en banc* review as it has in *Mahdawi* and *Öztürk*.

As a practical matter, halting this proceeding leaves in place the government's viewpoint discriminatory and retaliatory policy. But the government having interposed a jurisdictional objection to this Court's preliminary injunction order does not and should not delay proceeding to the merits of this dispute. *Cf. Khalil v. Joyce*, -- F. Supp. 3d. --, 2025 WL 1232369, at *49 (D.N.J., 2025) ("[W]hen it comes to here-and-now First Amendment injuries, the law requires a faster pace.").

We are grateful for the Court's consideration of this letter and our previous correspondence dated June 23, ECF 60, and July 10, ECF 63.

        Respectfully submitted,

*CLEAR Project*
*Main Street Legal Services, Inc.*
  Naz Ahmad
  Ramzi Kassem
  Tarek Z. Ismail
  Mudassar Hayat Toppa

*Emery Celli Brinckerhoff Abady Ward & Maazel LLP*
  Jonathan S. Abady
  Katherine Rosenfeld
  Sonya Levitova

*Human Rights First*
  Joshua Colangelo-Bryan

Jonathan Hafetz, Esq.

3

*Law Office of Matthew Bray*
  Nathan Yaffe

*Lawyers' Committee for Civil Rights of the San Francisco Bay Area*
  Jordan Wells

*Attorneys for Plaintiff-Petitioner*

cc:     All Counsel of Record (via ECF)